# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KONNECH, INC.,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:22-CV-03096** |
| | § | |
| **TRUE THE VOTE, INC., GREGG** | § | |
| **PHILLIPS, and CATHERINE** | § | |
| **ENGELBRECHT,** | § | |
| | § | |
| **DEFENDANTS.** | § | |
| | § | |

**PLAINTIFF KONNECH, INC'S**
**FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO**
**DEFENDANT CATHERINE ENGELBRECHT**

To:     Defendant Catherine Engelbrecht, by and through her attorneys of record, Michael J. Wynne, Gregor Wynne Arney, PLLC, 909 Fannin Street, Suite 3800, Houston, Texas 77010.

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff Konnech, Inc. ("Plaintiff" or "Konnech") hereby propounds these first set of Interrogatories and Requests for Production (collectively, the "Requests") on Defendant Catherine Engelbrecht ("Defendant" or "Engelbrecht"). Plaintiff requests that Defendant respond in writing and produce the requested documents within thirty (30) days in accordance with the Federal Rules of Civil Procedure and the Definitions and Instructions provided in this Request. Defendant should serve the written responses and responsive documents and things in her possession, custody, or control upon the undersigned counsel. Plaintiff also requests that Defendant continue to supplement her document production and answers to these requests in accordance with the Federal Rules of Civil Procedure.

Respectfully submitted,

KASOWITZ BENSON TORRES LLP


By:  */s/ Constantine Z. Pamphilis*
     Constantine Z. Pamphilis
     Attorney in Charge
     Texas State Bar No. 00794419
     SDTX Bar No. 19378
     DPamphilis@kasowitz.com
     Nathan W. Richardson
     Texas State Bar No. 24094914
     SDTX Bar No. 24094914
     NRichardson@kasowitz.com
     1415 Louisiana Street, Suite 2100
     Houston, Texas 77002
     (713) 220-8800
     (713) 222-0843 (fax)

     *Attorneys for Plaintiff Konnech, Inc.*


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure and the agreement of counsel dated February 24, 2023 regarding e-mail service, on this the 24th day of February, 2023.


     */s/ Nathan W. Richardson*
     Nathan W. Richardson

# I.   DEFINITIONS

1. "You," "Your," or "Defendant" refer to Defendant Catherine Engelbrecht and all of her agents, employees, representatives and all persons and entities acting and purporting to act on her behalf.

2. "Defendants" refers to True the Vote, Inc., Gregg Phillips, and Catherine Engelbrecht and all of their agents, employees, representatives and all persons and entities acting and purporting to act on their behalf.

3. "Plaintiff" or "Konnech" refers to Konnech, Inc. and all of its agents, employees, representatives and all persons and entities acting or purporting to act on its behalf.

4. "Lawsuit" means the above-captioned action.

5. "Complaint" means the Plaintiff's First Amended Complaint filed in the Lawsuit.

6. "True the Vote" or "TTV" means True the Vote, Inc. and all of its agents, employees, representatives and all persons and entities acting or purporting to act on its behalf.

7. "Gregg" or "Phillips" means Gregg Phillips.

8. "Mike Hasson" means Mike Hasson, the person identified by Phillips at the October 27, 2022 hearing as one of the people present at the Hotel Meeting (defined below).

9. "OPSEC Group LLC" means OPSEC Group LLC, and all of its agents, employees, representatives and all persons and entities acting and purporting to act on its behalf.

10. "RSBN" means Right Side Broadcasting Network, LLC and all of its agents, employees, representatives and all persons and entities acting and purporting to act on its behalf.

11. "The Pit" means the August 13, 2022 event in Arizona called "The Pit."

12. "The Fake Pit" means the event scheduled for and/or held on July 15, 2022, and advertised as "The Pit."

13. "Konnech Computer" means any electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, that is owned or otherwise controlled by Konnech.

14. "Konnech Data" means any information that is owned, possessed, or controlled by Konnech, including but not limited to any electronic information stored on, transferred through, or otherwise accessible by a Konnech Computer.

15. "Hotel Room Data" means the data and information that Defendants claim Gregg Phillips viewed during the Hotel Meeting (defined below), regardless of whether or not such data

or information is believed by Defendants to be owned, possessed, or controlled by Konnech.

16. "Ripcord" shall have the meaning as used by Defendants at the October 27, 2022 hearing in this Lawsuit.

17. "TRO" means the Temporary Restraining Order issued on September 12, 2022 in this Lawsuit.

18. "Preliminary Injunction" means the Preliminary Injunction issued on November 3, 2022 in this Lawsuit.

19. "Hotel Meeting" refers to the January 2021 meeting in Dallas, Texas between Gregg Phillips, Mike Hasson, and at least one other unidentified individual, during which Gregg Phillips has testified that Mike Hasson showed him data allegedly on a Chinese server that appeared to belong to Konnech.

20. "Social Media" refers to Truth Social, Facebook, Twitter, Instagram, LinkedIn, TikTok, Pinterest, YouTube, Reddit, Snapchat, Rumble, Substack, Tumblr, and Locals any other online interactive technologies that facilitate the creation and sharing of ideas, thoughts, information and other forms of expression through virtual networks and communities.

21. "FBI" means the Federal Bureau of Investigation.

22. "NSA" means the National Security Agency.

23. "Communication" or "Communications" means all exchanges of information, regardless of form, including, without limitation, all conversations, discussions, inquiries, correspondence, notes (handwritten or otherwise), message slips, logs, emails (or other similar electronic communications, text messages, instant messages, or other such transmittals of information, including but not limited to any encrypted messaging application such as Variety, Signal, Wickr, Ding Talk, Telegram or WhatsApp. The terms "Communication" and "Communications" includes internal and external communications.

24. "Electronically Stored Information" is defined broadly to give the full scope of that term as contemplated under the Federal Rules of Civil Procedure, and refers to all computer or electronically stored or generated data and information, and shall include all attachments to and enclosures with any requested item, and all drafts thereof. Electronically Stored Information includes information stored in any format and on any storage media, including but not limited to:  hard disks; floppy disks; optical disks; flash memory devices; and magnetic tape, whether fixed, portable, or removable. Electronically Stored Information also includes: word-processing documents; electronic spreadsheets; electronic presentation documents; e-mail messages; image files; sound files; and material or information stored in a database, or accessible from a database.  Electronically Stored Information also includes all associated metadata that is maintained or saved, which includes:  document title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes; e-mail header information; history of who viewed an e-mail and when; and e-mail

routing information.  Electronically Stored Information further includes: correspondence; telegrams; memoranda; Communications; minutes or records of meetings and conferences; lists of persons attending meetings or conferences; summaries; records of conversations; drafts; notes; notebooks; logs; invention records and disclosures; translations; drawings; graphs; charts; photographs; sound recordings; images data compilations; computer records or printouts; specifications; reports; opinions; summaries; agreements; forecasts; plan drawings; mask works; engineering drawings; expressions or statements of policy; consultations; brochures; pamphlets; advertisements; publications; circulars; trade letters; press releases; and drafts of any of the foregoing.

25. "Electronically Stored Information" is defined broadly to give the full scope of that term as contemplated under the Federal Rules of Civil Procedure, and refers to all computer or electronically stored or generated data and information, and shall include all attachments to and enclosures with any requested item, and all drafts thereof.  Electronically Stored Information includes information stored in any format and on any storage media, including but not limited to:  hard disks; floppy disks; optical disks; flash memory devices; and magnetic tape, whether fixed, portable, or removable.  Electronically Stored Information also includes: word-processing documents; electronic spreadsheets; electronic presentation documents; e-mail messages; image files; sound files; and material or information stored in a database, or accessible from a database.  Electronically Stored Information also includes all associated metadata that is maintained or saved, which includes:  document title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes; e-mail header information; history of who viewed an e-mail and when; and e-mail routing information.  Electronically Stored Information further includes: correspondence; telegrams; memoranda; Communications; minutes or records of meetings and conferences; lists of persons attending meetings or conferences; summaries; records of conversations; drafts; notes; notebooks; logs; invention records and disclosures; translations; drawings; graphs; charts; photographs; sound recordings; images data compilations; computer records or printouts; specifications; reports; opinions; summaries; agreements; forecasts; plan drawings; mask works; engineering drawings; expressions or statements of policy; consultations; brochures; pamphlets; advertisements; publications; circulars; trade letters; press releases; and drafts of any of the foregoing.

26. The singular form of a word shall be construed to include the plural, and the plural form of a word shall include the singular, so as to bring within the scope of these requests for production any information that might otherwise be considered to be beyond their scope.

27. "And" and "or" shall be construed either conjunctively or disjunctively as required by the context.

28. "Any" and "all" shall be construed as "any and all," and the term "each" shall be construed as "all and each."

29. The terms "relating to," "concerning," and "reflecting" (or any form thereof) shall mean constituting, comprising, respecting, supporting, contradicting, stating, describing,

recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to.

30. The term "including" shall mean "including without limitation" or "including but not limited to" the referenced items or information.  The use of "including" in describing categories of documents should not be read to narrow any request.

31. The terms "identify" or "identity," unless otherwise defined in an interrogatory shall require you to provide:

(a) With respect to a NATURAL PERSON, the full name, present title, present business and resident address (last known if present addresses are unknown), and business and residence telephone numbers, and the title of the last position held;

(b) With respect to a CORPORATION, PARTNERSHIP, ASSOCIATION OR OTHER LEGAL ENTITY, its name, address, and legal form (e.g. corporation, partnership, etc.);

(c) With respect to a DOCUMENT, its title, number, date, authors, signers, subject matter, addressee(s), addressor(s), or other designation, including, but not limited to, subject matter or general nature, person(s) receiving copies of such document, present location and custodian;

(d) With respect to an ORAL STATEMENT OR COMMUNICATION, the maker, the recipients, when made, where made, persons present when made, mode of communication and subject matter;

(e) With respect to an ACT, ACTION, OR ACTIVITY, its description, the identity of the person(s) participating in the act or activity, the date or approximate date on which the act or activity was committed, and the identities of any person(s) observing the act or participating in the activity;

(f) With respect to a MEETING, the identities of the persons attending the meeting, the date of the meeting, the subject matter of the meeting, and the place of the meeting; and

(g) With respect to a STATEMENT, the person(s) making the statement, any person(s) present at the time the statement was made, the approximate date of such statement, the subject matter of the statement, and, if possible, the exact words used.

## II.    INSTRUCTIONS

In addition to the requirements set forth in the Federal Rules of Civil Procedure, which Plaintiff incorporates herein, the following instructions apply to each of the discovery requests set forth below, and are deemed to be incorporated in each individual Request:

1. The Documents covered by these Requests include all Documents in Your possession, custody or control.

2. These discovery requests are continuing in nature and require supplementation or amendment to include information subsequently acquired or as required by the Federal Rules of Civil Procedure.

3. If for any reason You are unable to respond to any request set forth herein, explain in detail Your inability to respond.  If for any reason You are unable to respond to a part of any request but able to answer other parts of the request, respond to as much of the request as You can and explain in detail Your inability to respond to the remainder of the request.

4. If You contend that any of the information requested herein is protected or privileged, so state and set forth the protection or privilege claimed, the facts upon which You rely to support the claim of protection or privilege, and the scope of said protection or privilege, but proceed to disclose or produce all requested information for which protection or privilege is not claimed.  With respect to each requested Document that is being withheld, You are hereby requested to furnish a privilege log identifying the basis for the claim of privilege or protection and a description of the Document, including:

    (a)    the title of the Document and the nature and subject matter of its contents;

    (b)    the date the Document was prepared or any date appearing on the Document;

    (c)    the number of the Document's pages, attachments and appendices; the names of the persons who authored or prepared the Document, and an identification by employment and title of each such person, and if the person is an attorney, a statement so saying;

    (d)    the names of each person to whom the Document, or a copy thereof, was sent, shown or made accessible, or to whom it was explained, together with an identification of each such person and entity with which they are employed or associated, and if the person is an attorney, a statement so saying;

    (e)    the number of each paragraph of these Document Requests to which the Document relates;

    (f)    the portion(s) of the Document as to which privilege is claimed; and

    (g)    the type of privilege asserted.

5. Counsel for Plaintiff is willing to discuss with You or Your counsel any questions regarding perceived ambiguities in, or claims regarding the burdens involved in or compliance with the discovery requested herein in an effort to resolve any such issues without the necessity of Court intervention.  If You cannot clarify any perceived ambiguities by reference to the Definitions, contact counsel for Plaintiff for clarification.

6.  You shall produce all documents in the manner in which they are maintained in the usual course of Your business and/or You shall organize and label the documents to correspond with the categories in these Requests. A Request shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

7.  Documents shall be produced in such fashion as to identify the file, folder, department, branch or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

8.  Documents attached to each other should not be separated. If any portion of any document is responsive to the document Requests, then the entire document must be produced.

9.  Electronically Stored Information should be produced in the following format: As single-page TIFF images, at 300 dots-per-inch, with an iPRO LFP image load file and a Concordance delimited dataload file (*.DAT) with the following fields: BEGNO, ENDNO, BEGATTACH, ENDATTACH, PAGES, VOLUME, RECORDTYPE, SENTDATE, SENTONTIME, CREATEDATE, CREATETIME, LASTMODDATE, LASTMODTIME, RECEIVEDDATE, RECEIVEDTIME, PARENTFOLDER, AUTHOR, TO, CC, BCC, SUBJECT/TITLE (fields combined), ORIGSOURCE, CUSTODIAN, NATIVEPATH, ATTACHCOUNT, FILEEXT, FILENAME, FILETYPE, FILESIZE, APPLICATION, MD5HASH, and FULLTEXT. All spreadsheets responsive to these Requests that are maintained in the usual course of business in electronic format shall be produced in their native format (along with theTIFF images, linked using NATIVEPATH field).

10. Under no circumstances should Electronically Stored Information be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome to use. Electronically Stored Information should not be produced in a form that removes or significantly degrades the ability to search the Electronically Stored Information by electronic means where the Electronically Stored Information is ordinarily maintained in a way that makes it searchable by electronic means. Databases or underlying data should not be produced without first discussing production format issues with the Plaintiff's counsel. If You decline to search or produce Electronically Stored Information on the ground that such Electronically Stored Information is not reasonably accessible because of undue burden or cost, identify such information by category or sources and provide detailed information concerning the burden or cost You claim is associated with the search or production of such Electronically Stored Information.

11. If You have reason to believe there are e-mails created that are responsive to these Requests that have not been retained, state the name and address of the e-mail provider (*e.g.*, MSN, Yahoo!, Thunderbird, Gmail, Bloomberg, AOL, etc.) or program used by You and what efforts You have made to retrieve the requested information.

12.     In the event that any document responsive to any Request was, but is no longer, in Your possession, custody or control, or has been lost, destroyed, discarded or otherwise disposed of, You shall provide sufficient information to identify the document as completely as possible and state, in writing, the details and circumstances surrounding the disposal of the document.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person (by name, address and telephone number) who was present at the Hotel Meeting, and the following:

      (a)      All Communications You have had with that person since January 1, 2021, as well as any Communications you had with that person prior to January 1, 2021, but concerning or relating to Konnech, Konnech Data, Konnech Computers, and/or Hotel Room Data;

      (b)      The date of each Communication identified in response to subsection (a);

      (c)      The location of each such Communication identified in response to subsection (a);

      (d)      The means of each Communication identified in response to subsection (a);

      (e)      The purpose of each Communication identified in response to subsection (a); and

      (f)      The substance of each Communication identified in response to subsection (a), including whether You communicated about this Lawsuit.

**RESPONSE:**


**INTERROGATORY NO. 2:**

In connection with any unauthorized access of Konnech's Computer and/or Konnech's Data of which you are aware, identify and describe:

      (a)      Each person (by name, address and telephone number) and/or entity who You know was involved in accessing any Konnech Computer or Konnech Data without express authorization by Konnech;

      (b)      How any Konnech Computer and Konnech Data has been accessed by anyone without express authorization by Konnech;

      (c)      Where anyone You know was located when they connected to any Konnech Computer or accessed any Konnech Data without the express authorization by Konnech;

      (d)      The size and/or quantity of Konnech Data that anyone You know has downloaded without the express authorization by Konnech;

      (e)      The length of time it took anyone You know to download Konnech Data without the express authorization by Konnech;

     (f)      All software and hardware anyone You know used to access Konnech's Data without the express authorization by Konnech; and

     (g)      All database queries run on any Konnech Computer or Konnech Data without express authorization by Konnech.

**RESPONSE:**

**INTERROGATORY NO. 3:**

Identify each person (by name, address and telephone number) and/or entity who has had possession, custody or control of any Konnech Data.

**RESPONSE:**

**INTERROGATORY NO. 4:**

Identify each person (by name, address and telephone number) affiliated with any law enforcement agency, governmental entity, municipality, county or agency of any of them, with whom You have discussed anything concerning or relating to Konnech, including the date of each communication with each person identified, and a description of each such communication.

**RESPONSE:**

**INTERROGATORY NO. 5:**

Identify each person (by name, address and telephone number) who has been an employee and/or contractor for any of the following since January 1, 2021:

     (a)      True the Vote Inc.;

     (b)      OPSEC Group LLC;

     (c)      CoverMe; and

     (d)      Patriot Games (the podcast hosted by Phillips)

**RESPONSE:**

11

**INTERROGATORY NO. 6:**

Identify (by name, address and telephone number) each person who has posted from the following social media accounts since January 1, 2021:

     (a)      @The_Authority (Truth Social username);

     (b)      @KanekoaTheGreat (Truth Social username);

     (c)      @opsec (Truth Social username);

     (d)      @tay_phill (Truth Social username);

     (e)      @RealPatriotGames (Truth Social username);

     (f)      @GreggPhillips (Truth Social username);

     (g)      @Truethevote (Truth Social username);

     (h)      @CognitiveCarbon (Truth Social username);

     (i)      @DineshDSouza (Truth Social username);

     (j)      @mgshow (Truth Social username);

     (k)      @intheMatrixxx (Truth Social username);

     (l)      @ShadyGrooove (Truth Social username);

     (m)      @blondepatriot1776 (Truth Social username); and

     (n)      @GusQuixote (Truth Social username).

**RESPONSE:**


**INTERROGATORY NO. 7:**

Identify and describe how and when Konnech's Computer and/or Konnech's Data was accessed without authorization, including but not limited to the specific IP address(es) allegedly accessed, the contents of the data accessed, and the total amount of data (in megabytes, gigabytes and/or terabytes) accessed.

**RESPONSE:**

**INTERROGATORY NO. 8:**

Identify and describe how and when the "computer"—described by Defendants in their Motion to Dissolve Preliminary Injunction as a "computer" "not in the U.S." (Doc. 64, last paragraph on p. 2)—was accessed, including but not limited to the specific IP address(es) allegedly accessed, the contents of the data accessed, and the total amount of data (in megabytes, gigabytes and/or terabytes) accessed.

**RESPONSE:**

**INTERROGATORY NO. 9:**

Identify any and all Social Media accounts claimed by or registered to You or any entity of which you are affiliated, including but not limited to any "burner" accounts.  For each such account, identify the platform and Your username.

**RESPONSE:**

**INTERROGATORY NO. 10:**

Describe any investigation that was conducted, concerning the statements posted on Your Social Media accounts concerning Konnech, Eugene Yu, Konnech Data, Hotel Room Data, Konnech Computers, this Lawsuit, the Tiger Project, and/or Ripcord  and the factual basis to support each such statement.  Include in Your answer a description, in detail, of the following:

        (a)        Identify each person (by name, title and employer) involved in the investigation;

        (b)        Identify the date(s) of each such investigation;

        (c)        Identify every person who You communicated with or interviewed in connection with the investigation; and

        (d)        Describe the results of the investigation.

**RESPONSE:**

**INTERROGATORY NO. 11:**

Identify and describe all investigation that was conducted and the factual basis to support all statements previously made by any of the Defendants concerning Konnech, Eugene Yu, Konnech Data, Hotel Room Data, Konnech Computers, this Lawsuit, the Tiger Project, and/or Ripcord. Please include in your answer, a description in detail concerning the following statements of the investigation that was conducted, who conducted the investigation, when the investigation was

conducted and the factual basis for each statement:

    (a)     That Konnech is a "Red Chinese communist op";

    (b)     That Konnech and its employees are "Chinese operatives";

    (c)     That Konnech's software "apps were running form China, the database is running in China.  It's on the Chinese internet, meaning the Chinese own it," as stated during the August 30 2022 podcast titled "Here's How They'll Try to Steal the Midterms";

    (d)     That Konnech is affiliated with the Chinese Communist Party;

    (e)     That Konnech is affiliated with the Confucius Institute;

    (f)     That Konnech is involved in election fraud;

    (g)     That Konnech engaged in bribery in connection with a purported Detroit contract;

    (h)     That Konnech stores poll worker data on servers in China;

    (i)     That any of the Defendants accessed and/or have seen Konnech data related to Allegheny, PA;

    (j)     That Konnech stores any ballot data on servers in China;

    (k)     That Konnech was involved in Fast Track Ballot Counting; and

    (l)     That Konnech was involved in overseas military ballots.

**<u>RESPONSE:</u>**


**<u>INTERROGATORY NO. 12:</u>**

In connection with The Pit and the planning of same, identify and describe the following:

    (a)     The date that it was first planned;

    (b)     Who organized The Pit;

    (c)     The purpose of The Pit;

    (d)     All speakers (name, address and telephone number) at The Pit;

    (e)     All persons invited to The Pit; and

    (f)     All attendees (name, address and telephone number) to The Pit.

**RESPONSE:**

**INTERROGATORY NO. 13:**

Identify each and every donor who has contributed, donated, or otherwise made any payment of money to You or any company of which you are affiliated concerning Konnech, Eugene Yu, Konnech Data, Hotel Room Data, Konnech Computers, this Lawsuit, the Tiger Project, and/or Ripcord and identify the date and amount of each such contribution, donation or payment of money.

**RESPONSE:**

**INTERROGATORY NO. 14:**

Identify any and all publications You made, including any "ReTruths," concerning or relating to Konnech, Eugene Yu, Konnech Data, Hotel Room Data, Konnech Computers, this Lawsuit, the Tiger Project, and/or Ripcord.  Include in Your answer a description, in detail, of the following:

      (a)     Where the publication was made;

      (b)     The date of the publication;

      (c)     The original author of the publication; and

      (d)     Media format of the publication.

**RESPONSE:**

**INTERROGATORY NO. 15:**

Identify any statements by You, including, but not limited to statements made at a press conference, interview, press release, speech, podcast, or public appearance, concerning Konnech, Eugene Yu, Konnech Data, Hotel Room Data, Konnech Computers, this Lawsuit, the Tiger Project, and/or Ripcord.  Include in Your answer a description, in detail, of the following:

      (a)     Date of the statement;

      (b)     Where the statement was made;

      (c)     A description of each such statement; and

      (d)     Whether there are any presentation materials, notes, outlines, scripts, video recordings, and/or audio recordings concerning such statement.

**RESPONSE:**


**INTERROGATORY NO. 16:**

Identify and describe the "Tiger Project," including but not limited to the following:

> (a)      The meaning of the phrase "Tiger Project";
>
> (b)      The meaning of the phrase "Tiger Droppings";
>
> (c)      A description of all "Tiger Droppings" that resulted from the "Tiger Project";
>
> (d)      The date on which the "Tiger Project" commenced;
>
> (e)      The subject and/or targets of the "Tiger Project";
>
> (f)      The identity of all people and organizations involved in the "Tiger Project";
>
> (g)      The identity of all people and organizations who provided You with "Tiger Droppings" or any information regarding Konnech following the Pit;  and
>
> (h)      The purpose of the "Tiger Project."

**RESPONSE:**


**INTERROGATORY NO. 17:**

Identify and describe Your involvement with the Los Angeles County District Attorney's Office's investigation into Konnech and/or Eugene Yu, including but not limited to the following:

> (a)      When You first Communicated with anyone connected with the Los Angeles County District Attorneys' Office concerning or relating to Konnech and/or Eugene Yu;
>
> (b)      How many times You Communicated with anyone connected with the Los Angeles County District Attorneys' Office concerning or relating to Konnech and/or Eugene Yu;
>
> (c)      Who you communicated with (including name, position with the county, address and telephone of each such person);
>
> (d)      The date and location of each such Communication identified in response to (c);
>
> (e)      A description of any Documents You provided to anyone connected with the Los Angeles County District Attorneys' Office concerning or relating to Konnech

16

and/or Eugene Yu

(f)    Whether You provided sworn testimony concerning or relating to Konnech and/or Eugene Yu in connection with the Los Angeles County District Attorney's Office's investigation into Konnech and/or Eugene Yu; and

(g)    The date and location of each instance You provided testimony in response to (f).

**RESPONSE:**

**INTERROGATORY NO. 18:**

Identify all fund-raising events that You have been involved with since August 2022, including The Pit, which concerned or related to Konnech and/or Eugene Yu.

**RESPONSE:**

**INTERROGATORY NO. 19:**

Identify the total amount of money paid by True the Vote, Inc. to You, OPSEC Group, LLC, CoverMe, Taylor Phillips, Mike Hasson, @The_Authority, @KanekoaTheGreat, Dinesh D'Souza and/or any other person or entity with which You are affiliated since January 1, 2020.

**RESPONSE:**

**INTERROGATORY NO. 20:**

Identify every fact supporting in whole or in part each of the affirmative defenses identified in Your Answer.

**RESPONSE:**

**INTERROGATORY NO. 21:**

Identify and describe all lawsuits in which You are currently or have been a party within the past ten (10) years.

**RESPONSE:**

**INTERROGATORY NO. 22:**

Identify each person (by name, address and telephone number) whom You expect to call to testify at trial pursuant to Rule 26 of the Federal Rules of Civil Procedure.

**RESPONSE:**

**INTERROGATORY NO. 23:**

Identify each person(s) answering, supplying information, or in any way assisting with the preparation of the answers to these interrogatories.

**RESPONSE:**

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION 1:**

All video, audio and/or transcripts, and photographs of The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 2:**

All video, audio and/or transcripts of The Pit by RSBN, including the "Exclusive" video coverage.

**RESPONSE:**

**REQUEST FOR PRODUCTION 3:**

Any and all Communications with the RSBN regarding The Pit, Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 4:**

All Documents and Communications with RSBN regarding the planned release of RSBN's "Exclusive" video coverage of The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 5:**

Any and all agreements, contracts, memorandums of understanding or otherwise between any of the Defendants and RSBN concerning The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 6:**

Any and all non-disclosure agreements with any media organization concerning Konnech, Eugene Yu, Konnech Data, Hotel Room Data, Konnech Computers, this Lawsuit, the Tiger Project, and/or Ripcord.

**RESPONSE:**

**REQUEST FOR PRODUCTION 7:**

Any and all Communications with RSBN regarding any request by any of the Defendants that RSBN not record, stream, or air any portion of The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 8:**

Any and all Communications with RSBN regarding any request by any of the Defendants that RSBN delete or destroy and portion of any recording of The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 9:**

Any and all Documents and Communications concerning the sale or attempted sale of media rights, production rights, filmmaking rights, story rights, and/or any other agreement to create, produce, film, publish, direct, or otherwise participate in any film, movie, documentary, book, or narrative concerning The Pit, Konnech, Eugene Yu, Konnech's Computers, Konnech's Data, the Tiger Project, and/or Ripcord.

**RESPONSE:**

**REQUEST FOR PRODUCTION 10:**

Any and all Communications with Dinesh D'Souza concerning the sale or attempted sale of media rights, production rights, filmmaking rights, story rights, and/or any other agreement to create, produce, film, publish, direct, or otherwise participate in any film, movie, documentary, book, or narrative concerning Konnech, Eugene Yu, Konnech's Computers, Konnech's Data, the Tiger Project, and/or Ripcord.

**RESPONSE:**

**REQUEST FOR PRODUCTION 11:**

Any and all lists of invitees, registrants, attendees, speakers, vendors, and/or advertisers in connection with The Pit, including drafts of same.

**RESPONSE:**

**REQUEST FOR PRODUCTION 12:**

Any and all Documents and communications regarding any investigation You performed and/or on which You relied on concerning the following statements previously made by any of the Defendants:

(a)     That Konnech is a "Red Chinese communist op";

(b)     That Konnech and its employees are "Chinese operatives";

(c)     That Konnech's software "apps were running form China, the database is running in China.  It's on the Chinese internet, meaning the Chinese own it," as stated during the August 30 2022 podcast titled "Here's How They'll Try to Steal the Midterms";

(d)     That Konnech is affiliated with the Chinese Communist Party;

(e)     That Konnech is affiliated with the Confucius Institute;

(f)     That Konnech is involved in election fraud;

(g)     That Konnech engaged in bribery in connection with a purported Detroit contract;

(h)     That Konnech stores poll worker data on servers in China;

(i)     That You accessed and/or have seen Konnech data related to Allegheny, PA; and

(j)     That Konnech stores any ballot data on servers in China.

**RESPONSE:**

**REQUEST FOR PRODUCTION 13:**

Any and all Documents concerning the factual basis, if any, supporting the following statements previously made by any of the Defendants:

      (a)     That Konnech is a "Red Chinese communist op";

      (b)     That Konnech and its employees are "Chinese operatives";

      (c)     That Konnech's software "apps were running form China, the database is running in China.  It's on the Chinese internet, meaning the Chinese own it," as stated during the August 30 2022 podcast titled "Here's How They'll Try to Steal the Midterms";

      (d)     That Konnech is affiliated with the Chinese Communist Party;

      (e)     That Konnech is affiliated with the Confucius Institute;

      (f)     That Konnech is involved in election fraud; and

      (g)     That Konnech engaged in bribery in connection with a purported Detroit contract;

      (h)     That Konnech stores poll worker data on servers in China;

      (i)     That You accessed and/or have seen Konnech data related to Allegheny, PA; and

      (j)     That Konnech stores any ballot data on servers in China.

**RESPONSE:**

**REQUEST FOR PRODUCTION 14:**

Any and all Documents and Communications to support the position in Phillips' affidavit attached in support of Defendants' Submission of Evidence in Furtherance of Request to Purge Finding of Contempt, that "the computer in question may not have been actually 'owned' by Konnech Inc., as that term is commonly understood." (Doc. 46, 46-1).

**RESPONSE:**

**REQUEST FOR PRODUCTION 15:**

Any and all Documents and Communications reflecting compliance with Phillips' sworn statement

that he would "work confidentiality, with all diligence, expedience and in good faith with Plaintiff and counsel for Plaintiff to answer the questions set out" in connection with the TRO and Preliminary Injunction.

**RESPONSE:**

**REQUEST FOR PRODUCTION 16:**

The complete communication thread (including native files of all media shared in the thread) between You and/or Phillips, the purported FBI agents and any other person, which Defendants filed in this Lawsuit as Exhibit B to Defendants' Submission of Evidence in Furtherance of Request to Purge Finding of Contempt (Docs. 46, 46-1).

**RESPONSE:**

**REQUEST FOR PRODUCTION 17:**

Any and all Konnech property, Konnech Data and/or Hotel Room Data in Your possession, custody or control.

**RESPONSE:**

**REQUEST FOR PRODUCTION 18:**

Any and all video and/or pictures of Konnech's offices, Eugene Yu's home, Eugene Yu and any current or former employee of Konnech.

**RESPONSE:**

**REQUEST FOR PRODUCTION 19:**

Any and all Documents and Communications with any private investigator and/or other person retained to investigate and/or conduct surveillance of Konnech, Eugene Yu, and/or any current or former employee of Konnech.

**RESPONSE:**

**REQUEST FOR PRODUCTION 20:**

Any and all Konnech Data and/or Hotel Room Data in Your possession, custody or control.

**RESPONSE:**


**REQUEST FOR PRODUCTION 21:**

Any and all Documents demonstrating that You know anyone who accessed Konnech Data and/or Hotel Room Data without express authorization by Konnech.

**RESPONSE:**


**REQUEST FOR PRODUCTION 22:**

All audit logs which reflect any access to any Konnech Computer or server in China which housed any Konnech Data or Hotel Room Data.

**RESPONSE:**


**REQUEST FOR PRODUCTION 23:**

All connection logs which reflect any access to any Konnech Computer or server in China which housed any Konnech Data or Hotel Room Data.

**RESPONSE:**


**REQUEST FOR PRODUCTION 24:**

All Documents reflecting that any Konnech Data or Hotel Room Data was stored, housed, located on or otherwise available on a Mongo DB database or Mongo DB server.

**RESPONSE:**


**REQUEST FOR PRODUCTION 25:**

All Documents reflecting that any Konnech Data or Hotel Room Data was stored, housed, located on or otherwise available on the China Unicom backbone.

**RESPONSE:**

**REQUEST FOR PRODUCTION 26:**

All Documents and Communications reflecting how and when any Konnech Computer, Konnech Data or Hotel Room Data was accessed, including but not limited to documents reflecting the specific IP address(es) allegedly accessed, the contents of the data accessed, and the total amount of data accessed.

**RESPONSE:**

**REQUEST FOR PRODUCTION 27:**

All Documents and Communications reflecting how and when the "computer"—described by Defendants in their Motion to Dissolve Preliminary Injunction as a "computer" "not in the U.S." (Doc. 64, last paragraph on p. 2)—was accessed, including but not limited to documents reflecting the specific IP address(es) allegedly accessed, the contents of the data accessed, and the total amount of data accessed.

**RESPONSE:**

**REQUEST FOR PRODUCTION 28:**

All Documents and Communications reflecting any default and/or backend user name and/or password for accessing any Konnech Computer and/or Konnech Data.

**RESPONSE:**

**REQUEST FOR PRODUCTION 29:**

All Documents and Communications reflecting all users of any Konnech Computer.

**RESPONSE:**

**REQUEST FOR PRODUCTION 30:**

All Documents and Communications reflecting any and all Konnech employee or staff credentials used to access any Konnech Computer and/or Konnech Data.

**RESPONSE:**

**REQUEST FOR PRODUCTION 31:**

Any and all Communications between You, Konnech, Eugene Yu, or any current or former employee of Konnech.

**RESPONSE:**


**REQUEST FOR PRODUCTION 32:**

Any and all Communications between Defendants concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data and/or Hotel Room Data.

**RESPONSE:**


**REQUEST FOR PRODUCTION 33:**

All Documents and Communications concerning Konnech, Eugene Yu, Konnech Computers Konnech Data, and/or Hotel Room Data, which the Pit "Anons" and/or "Pitsters" have "unearthed" from the "data they received at The Pit."

**RESPONSE:**


**REQUEST FOR PRODUCTION 34:**

Any and all Communications between You and any of the following concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit:

 (a)  Mike Hasson;

 (b)  the third, unnamed person at the Hotel Meeting;

 (c)  any other person yet to be named who was present at the Hotel Meeting

 (d)  Taylor Phillips;

 (e)  OPSEC Group, LLC;

 (f)  the FBI, or any other government agency, or any agent working for the FBI or any other government agency;

 (g)  any advertisers at the Pit;

 (h)  the person(s) affiliated with Truth Social username @The_Authority;

(i)      the person(s) affiliated with Truth Social username @KanekoaTheGreat;

(j)      the person(s) affiliated with Truth Social username @CognititveCarbon;

(k)      the person(s) affiliated with the Truth Social username @BrianCates;

(l)      the person(s) affiliated with the Truth Social username @blondepatriot1776;

(m)      person(s) affiliated with the Truth Social username @GusQuixote;

(n)      Jeffrey Pederson;

(o)      Shannon Townsend;

(p)      Trevor Fitzgibbon;

(q)      Dinesh D'Souza

(r)      Eric Neff;

(s)      Andrew Stevens;

(t)      Marc Beaart;

(u)      Grant Bradley; and

(v)      Any other person.

**RESPONSE:**


**REQUEST FOR PRODUCTION 35:**

Your cell phone records reflecting all communications with anyone present at the Hotel Meeting since January 2020.

**RESPONSE:**


**REQUEST FOR PRODUCTION 36:**

Any and all Communications with anyone present at the Hotel Meeting since January 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION 37:**

Any and all Communications between You and the FBI or any federal agency or any agent working for the FBI or federal agency concerning or relating to Your purported role as a confidential informant, including, but not limited to, any agreements between You, or any offer or actual payment of money.

**RESPONSE:**

**REQUEST FOR PRODUCTION 38:**

Any confidential informant agreement or other agreement between You and any governmental entity and/or agency, including but not limited to the FBI or NSA, in effect at any time between January 1, 2020 and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION 39:**

All FD-302 Forms concerning an FBI report or summary of an interview You provided to the FBI concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 40:**

Any sworn statements that You provided to the FBI or any other governmental entity or agency concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 41:**

Any and all Communications with the Arizona Attorney General concerning or relating to You claiming to be an FBI confidential informant in the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION 42:**

Any and all Communications between You and any person affiliated with any law enforcement agency concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 43:**

Any and all Communications between You and any government agency, municipality and/or county concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 44:**

Any and all Communications between You and anyone who was invited to and/or attended the The Pit concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 45:**

Any and all photographs or video recordings taken by any of the Defendants or anyone else at the Hotel Meeting.

**RESPONSE:**


**REQUEST FOR PRODUCTION 46:**

Any receipts and/or requests for reimbursement of expenses concerning the Hotel Meeting, hotel accommodations related thereto, and for transportation.

**RESPONSE:**

**REQUEST FOR PRODUCTION 47:**

All Documents and Communications reflecting any investigation of You by the FBI.

**RESPONSE:**

**REQUEST FOR PRODUCTION 48:**

Any and all advertisements for The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 49:**

Any and all advertisements for the Fake Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 50:**

Any and all advertisements for products or services offered for sale at or in connection with The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 51:**

Any and all demonstratives, speeches, presentations, including PowerPoint presentations and outlines of presentations, including drafts of same, concerning The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 52:**

Any and all Documents and Communications concerning or relating to The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 53:**

Any notes, journal entries, diaries, calendars, or Documents otherwise prepared in preparation for, during, or after The Pit concerning The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 54:**

Documents sufficient to show all payments received by You in connection with The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 55:**

All Documents and Communications, including but not limited to video or audio recordings, and summaries and/or excerpts of same, concerning statements made by You at The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 56:**

All Documents and Communications concerning statements, including summaries and/or excerpts of same, made at The Pit concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, and/or Hotel Room Data.

**RESPONSE:**

**REQUEST FOR PRODUCTION 57:**

All Documents and Communications concerning The Pit after the conclusion of The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 58:**

Any user agreement and/or membership agreement under which You used BinaryEdge software from January 1, 2021 to the present date.

**RESPONSE:**

**REQUEST FOR PRODUCTION 59:**

Your resume from January 2021 to the present date.

**RESPONSE:**

**REQUEST FOR PRODUCTION 60:**

Any press releases by You concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 61:**

Any Documents and Communications concerning statements by You made at a press conference, interview, rally, demonstration, fund raiser, speech, podcast or public appearance or provided to the media concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 62:**

Any video, audio and/or transcripts of any interviews, press conferences, rallies, demonstrations, speeches, fund raisers, podcasts, or public appearances at which any statements concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit were made and during which You appeared.

**RESPONSE:**

**REQUEST FOR PRODUCTION 63:**

Any video, audio and/or transcripts of any of the Defendants' appearance on the following shows and/or podcasts:

(a)     the December 15, 2022 Rick & Bubba show;

(b)     the August 15, 2022 podcast titled "Devolution Power Hour – Gregg Phillips Interview";

(c)     the August 23, 2022 "Prophets and Patriots" podcast;

(d)     the August 30, 2022 podcast titled "Here's How They'll Try to Steal the Midterms";

(e)      the September 2, 2022 "Patriot Games" podcast;

(f)     the August 31, 2022 podcast titled "(Allegedly) Stealing the Chinese Internet w/ Gregg Phillips of 2000 Mules";

(g)     the podcast Patriot Games, Episode 6 titled  "Game Changer";

(h)     the August 31, 2022 podcast called "Alabama Unfiltered"; and

(i)     the September 5, 2022 True the Vote podcast hosted on Locals.

**RESPONSE:**


**REQUEST FOR PRODUCTION 64:**

Any video, audio and/or transcripts of Your appearance on the August 19, 2022 podcast hosted by Mary Grace.

**RESPONSE:**


**REQUEST FOR PRODUCTION 65:**

Any notes, outlines, talking points or demonstrative aids for any interviews, press conferences, rallies, demonstrations, speeches, fund raisers, podcasts, or public appearances attended by You that concern or relate to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 66:**

Any and all Documents regarding any investigation You performed concerning the statements posted on Your Social Media concerning or related to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 67:**

Any and all Documents and Communications concerning or relating to the "Ripcord," as that term was used by any of the Defendants during testimony in this Lawsuit on October 27, 2022.

**RESPONSE:**


**REQUEST FOR PRODUCTION 68:**

Any and all Documents and Communications concerning or relating to the "Tiger Project."

**RESPONSE:**


**REQUEST FOR PRODUCTION 69:**

Any and all Documents concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit which have been disseminated by or through the Open.Ink website or uploaded or will be uploaded to the Open.Ink website.

**RESPONSE:**


**REQUEST FOR PRODUCTION 70:**

Any and all statements, comments, or other communications by any financial donor, supporter or contributor to True the Vote or any person or entity with which True the Vote is affiliated, which refers or relates to Konnech, Eugene Yu, or this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 71:**

Any and all Documents and Communications regarding any request or plea for donations or contributions to any of the Defendants since January 2020, including but not limited to any Social Media post, GoFundMe page, or video or podcast recording.

**RESPONSE:**

**REQUEST FOR PRODUCTION 72:**

Any and all Documents reflecting all advertisements of any products and/or merchandise offered for sale at or in connection with Your detention for contempt in this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 73:**

Any and all Documents regarding donations You or any person or entity with which you are affiliated received in connection with Your detention for contempt in this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 74:**

Any and all Documents regarding any statements or videos posted on Your Social Media accounts concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit, including, but not limited to, drafts of the statements or videos, any comments on the statements or videos, any response to the comments on the statements or videos, and any republications of the statements or videos by the media.

**RESPONSE:**


**REQUEST FOR PRODUCTION 75:**

Any and all Documents sufficient to show each Defendants' net worth from January 1, 2018 to the present date.

**RESPONSE:**


**REQUEST FOR PRODUCTION 76:**

Any and all Documents sufficient to show each Defendants' audited or unaudited financial balance sheets from January 1, 2018 to the present date.

**RESPONSE:**

**REQUEST FOR PRODUCTION 77:**

Any and all Documents sufficient to show each Defendants' audited or unaudited income statements from January 1, 2018 to the present date.

**RESPONSE:**


**REQUEST FOR PRODUCTION 78:**

Any and all Documents sufficient to show each Defendants' state and federal tax returns and schedules thereto from January 1, 2018 to the present date.

**RESPONSE:**


**REQUEST FOR PRODUCTION 79:**

All of Your IRS Form 1099's, K-1's and W-2s from January 1, 2018 to the present date.

**RESPONSE:**


**REQUEST FOR PRODUCTION 80:**

All Documents reflecting all money paid to You by True the Vote, Inc. from January 1, 2018 to the present date.

**RESPONSE:**


**REQUEST FOR PRODUCTION 81:**

All Documents reflecting all money paid to Phillips by True the Vote, Inc. from January 1, 2018 to the present date.

**RESPONSE:**


**REQUEST FOR PRODUCTION 82:**

All Documents reflecting all money paid to OPSEC Group, LLC by True the Vote, Inc. from January 1, 2018 to the present date.

**RESPONSE:**


**REQUEST FOR PRODUCTION 83:**

All Documents reflecting all money paid to You in connection with *2000 Mules*.

**RESPONSE:**


**REQUEST FOR PRODUCTION 84:**

Any and all Documents regarding payments, contributions, and/or donations You or any person or entity with which you are affiliated received in connection with, concerning or relating to Konnech, Eugene Yu, Konnech Computers, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 85:**

All Documents reflecting all money paid by You and/or any of the Defendants to the person(s) affiliated with the following Truth Social usernames from January 1, 2018 to the present date:

       (a)      @TheAuthority;

       (b)      @KanekoaTheGreat;

       (c)      @BrianCates;

       (d)      @GusQuixote; and

       (e)      @blondepatriot1776.

**RESPONSE:**


**REQUEST FOR PRODUCTION 86:**

Any and all statements, whether tape recorded, video recorded, written, or otherwise transcribed or preserved, made at any time by You concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 87:**

Any and all Documents containing facts supporting in whole or in part each of the affirmative defenses asserted in Defendants' First Amended Answer.

**RESPONSE:**


**REQUEST FOR PRODUCTION 88:**

Any sworn testimony by You, whether in deposition, in Court, or anywhere else within the last five (5) years.

**RESPONSE:**


**REQUEST FOR PRODUCTION 89:**

All public records requests each of the Defendants submitted to any state, county or municipality seeking documents concerning or relating to Konnech, and the records produced in response to same.

**RESPONSE:**


**REQUEST FOR PRODUCTION 90:**

All Documents and Communications concerning or relating to any whistleblower claims You made or attempted to make concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 91:**

All Documents and Communications concerning or relating to any criminal complaint, police report, or other claim You made to any law enforcement agency concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 92:**

All video and/or audio recordings taken in Judge Kenneth Hoyt's courtroom on October 27, 2022 and/or October 31, 2022.

**RESPONSE:**


**REQUEST FOR PRODUCTION 93:**

All Documents and Communications concerning the press conference which Phillips claims to have planned to attend on October 31, 2022, but did not allegedly due to his detention for contempt in this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 94:**

All Documents and Communications reflecting all URLs and/or domain names claimed by, owned, and/or controlled by You.

**RESPONSE:**


**REQUEST FOR PRODUCTION 95:**

Any video, audio or transcripts of any interviews of Trevor Fitzgibbon related to Konnech, Eugene Yu, and/or this Lawsuit, including but not limited to the interview conducted by Ivory Hecker.

**RESPONSE:**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KONNECH, INC.,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:22-CV-03096** |
| | § | |
| **TRUE THE VOTE, INC., GREGG** | § | |
| **PHILLIPS, and CATHERINE** | § | |
| **ENGELBRECHT,** | § | |
| | § | |
| **DEFENDANTS.** | § | |
| | § | |

**PLAINTIFF KONNECH, INC'S**
**FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO**
**DEFENDANT GREGG PHILLIPS**

To:    Defendant Gregg Phillips, by and through his attorneys of record, Michael J. Wynne, Gregor Wynne Arney, PLLC, 909 Fannin Street, Suite 3800, Houston, Texas 77010.

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff Konnech, Inc. ("Plaintiff" or "Konnech") hereby propounds these first set of Interrogatories and Requests for Production (collectively, the "Requests") on Defendant Gregg Phillips ("Defendant" or "Phillips").  Plaintiff requests that Defendant respond in writing and produce the requested documents within thirty (30) days in accordance with the Federal Rules of Civil Procedure and the Definitions and Instructions provided in this Request.  Defendant should serve the written responses and responsive documents and things in his possession, custody, or control upon the undersigned counsel.  Plaintiff also requests that Defendant continue to supplement his document production and answers to these requests in accordance with the Federal Rules of Civil Procedure.

Respectfully submitted,

KASOWITZ BENSON TORRES LLP


By: */s/ Constantine Z. Pamphilis*
     Constantine Z. Pamphilis
     Attorney in Charge
     Texas State Bar No. 00794419
     SDTX Bar No. 19378
     DPamphilis@kasowitz.com
     Nathan W. Richardson
     Texas State Bar No. 24094914
     SDTX Bar No. 24094914
     NRichardson@kasowitz.com
     1415 Louisiana Street, Suite 2100
     Houston, Texas 77002
     (713) 220-8800
     (713) 222-0843 (fax)

     *Attorneys for Plaintiff Konnech, Inc.*


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure and the agreement of counsel dated February 24, 2023 regarding e-mail service, on this the 24th day of February, 2023.


     */s/ Nathan W. Richardson*
     Nathan W. Richardson

# I.    DEFINITIONS

1. "You," "Your," or "Defendant" refer to Defendant Gregg Phillips and all of his agents, employees, representatives and all persons and entities acting and purporting to act on his behalf.

2. "Defendants" refers to True the Vote, Inc., Gregg Phillips, and Catherine Engelbrecht and all of their agents, employees, representatives and all persons and entities acting and purporting to act on their behalf.

3. "Plaintiff" or "Konnech" refers to Konnech, Inc. and all of its agents, employees, representatives and all persons and entities acting or purporting to act on its behalf.

4. "Lawsuit" means the above-captioned action.

5. "Complaint" means the Plaintiff's First Amended Complaint filed in the Lawsuit.

6. "True the Vote" or "TTV" means True the Vote, Inc. and all of its agents, employees, representatives and all persons and entities acting or purporting to act on its behalf.

7. "Catherine" or "Engelbrecht" means Catherine Engelbrecht.

8. "Mike Hasson" means Mike Hasson, the person identified by You at the October 27, 2022 hearing as one of the people present at the Hotel Meeting (defined below).

9. "OPSEC Group LLC" means OPSEC Group LLC, and all of its agents, employees, representatives and all persons and entities acting and purporting to act on its behalf.

10. "RSBN" means Right Side Broadcasting Network, LLC and all of its agents, employees, representatives and all persons and entities acting and purporting to act on its behalf.

11. "The Pit" means the August 13, 2022 event in Arizona called "The Pit."

12. "The Fake Pit" means the event scheduled for and/or held on July 15, 2022, and advertised as "The Pit."

13. "Konnech Computer" means any electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, that is owned or otherwise controlled by Konnech.

14. "Konnech Data" means any information that is owned, possessed, or controlled by Konnech, including but not limited to any electronic information stored on, transferred through, or otherwise accessible by a Konnech Computer.

15. "Hotel Room Data" means the data and information that Defendants claim Gregg Phillips viewed during the Hotel Meeting (defined below), regardless of whether or not such data

or information is believed by Defendants to be owned, possessed, or controlled by Konnech.

16. "Ripcord" shall have the meaning as used by Defendants at the October 27, 2022 hearing in this Lawsuit.

17. "TRO" means the Temporary Restraining Order issued on September 12, 2022 in this Lawsuit.

18. "Preliminary Injunction" means the Preliminary Injunction issued on November 3, 2022 in this Lawsuit.

19. "Hotel Meeting" refers to the January 2021 meeting in Dallas, Texas between Gregg Phillips, Mike Hasson, and at least one other unidentified individual, during which Gregg Phillips has testified that Mike Hasson showed him data allegedly on a Chinese server that appeared to belong to Konnech.

20. "Social Media" refers to Truth Social, Facebook, Twitter, Instagram, LinkedIn, TikTok, Pinterest, YouTube, Reddit, Snapchat, Rumble, Substack, Tumblr, and Locals any other online interactive technologies that facilitate the creation and sharing of ideas, thoughts, information and other forms of expression through virtual networks and communities.

21. "FBI" means the Federal Bureau of Investigation.

22. "NSA" means the National Security Agency.

23. "Communication" or "Communications" means all exchanges of information, regardless of form, including, without limitation, all conversations, discussions, inquiries, correspondence, notes (handwritten or otherwise), message slips, logs, emails (or other similar electronic communications, text messages, instant messages, or other such transmittals of information, including but not limited to any encrypted messaging application such as Variety, Signal, Wickr, Ding Talk, Telegram or WhatsApp. The terms "Communication" and "Communications" includes internal and external communications.

24. "Electronically Stored Information" is defined broadly to give the full scope of that term as contemplated under the Federal Rules of Civil Procedure, and refers to all computer or electronically stored or generated data and information, and shall include all attachments to and enclosures with any requested item, and all drafts thereof. Electronically Stored Information includes information stored in any format and on any storage media, including but not limited to: hard disks; floppy disks; optical disks; flash memory devices; and magnetic tape, whether fixed, portable, or removable. Electronically Stored Information also includes: word-processing documents; electronic spreadsheets; electronic presentation documents; e-mail messages; image files; sound files; and material or information stored in a database, or accessible from a database. Electronically Stored Information also includes all associated metadata that is maintained or saved, which includes: document title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes; e-mail header information; history of who viewed an e-mail and when; and e-mail

routing information. Electronically Stored Information further includes: correspondence; telegrams; memoranda; Communications; minutes or records of meetings and conferences; lists of persons attending meetings or conferences; summaries; records of conversations; drafts; notes; notebooks; logs; invention records and disclosures; translations; drawings; graphs; charts; photographs; sound recordings; images data compilations; computer records or printouts; specifications; reports; opinions; summaries; agreements; forecasts; plan drawings; mask works; engineering drawings; expressions or statements of policy; consultations; brochures; pamphlets; advertisements; publications; circulars; trade letters; press releases; and drafts of any of the foregoing.

25. "Electronically Stored Information" is defined broadly to give the full scope of that term as contemplated under the Federal Rules of Civil Procedure, and refers to all computer or electronically stored or generated data and information, and shall include all attachments to and enclosures with any requested item, and all drafts thereof. Electronically Stored Information includes information stored in any format and on any storage media, including but not limited to: hard disks; floppy disks; optical disks; flash memory devices; and magnetic tape, whether fixed, portable, or removable. Electronically Stored Information also includes: word-processing documents; electronic spreadsheets; electronic presentation documents; e-mail messages; image files; sound files; and material or information stored in a database, or accessible from a database. Electronically Stored Information also includes all associated metadata that is maintained or saved, which includes: document title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes; e-mail header information; history of who viewed an e-mail and when; and e-mail routing information. Electronically Stored Information further includes: correspondence; telegrams; memoranda; Communications; minutes or records of meetings and conferences; lists of persons attending meetings or conferences; summaries; records of conversations; drafts; notes; notebooks; logs; invention records and disclosures; translations; drawings; graphs; charts; photographs; sound recordings; images data compilations; computer records or printouts; specifications; reports; opinions; summaries; agreements; forecasts; plan drawings; mask works; engineering drawings; expressions or statements of policy; consultations; brochures; pamphlets; advertisements; publications; circulars; trade letters; press releases; and drafts of any of the foregoing.

26. The singular form of a word shall be construed to include the plural, and the plural form of a word shall include the singular, so as to bring within the scope of these requests for production any information that might otherwise be considered to be beyond their scope.

27. "And" and "or" shall be construed either conjunctively or disjunctively as required by the context.

28. "Any" and "all" shall be construed as "any and all," and the term "each" shall be construed as "all and each."

29. The terms "relating to," "concerning," and "reflecting" (or any form thereof) shall mean constituting, comprising, respecting, supporting, contradicting, stating, describing,

recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to.

30. The term "including" shall mean "including without limitation" or "including but not limited to" the referenced items or information.  The use of "including" in describing categories of documents should not be read to narrow any request.

31. The terms "identify" or "identity," unless otherwise defined in an interrogatory shall require you to provide:

    (a) <u>With respect to a NATURAL PERSON</u>, the full name, present title, present business and resident address (last known if present addresses are unknown), and business and residence telephone numbers, and the title of the last position held;

    (b) <u>With respect to a CORPORATION, PARTNERSHIP, ASSOCIATION OR OTHER LEGAL ENTITY</u>, its name, address, and legal form (e.g. corporation, partnership, etc.);

    (c) <u>With respect to a DOCUMENT</u>, its title, number, date, authors, signers, subject matter, addressee(s), addressor(s), or other designation, including, but not limited to, subject matter or general nature, person(s) receiving copies of such document, present location and custodian;

    (d) <u>With respect to an ORAL STATEMENT OR COMMUNICATION</u>, the maker, the recipients, when made, where made, persons present when made, mode of communication and subject matter;

    (e) <u>With respect to an ACT, ACTION, OR ACTIVITY</u>, its description, the identity of the person(s) participating in the act or activity, the date or approximate date on which the act or activity was committed, and the identities of any person(s) observing the act or participating in the activity;

    (f) <u>With respect to a MEETING</u>, the identities of the persons attending the meeting, the date of the meeting, the subject matter of the meeting, and the place of the meeting; and

    (g) <u>With respect to a STATEMENT</u>, the person(s) making the statement, any person(s) present at the time the statement was made, the approximate date of such statement, the subject matter of the statement, and, if possible, the exact words used.

## II.    INSTRUCTIONS

In addition to the requirements set forth in the Federal Rules of Civil Procedure, which Plaintiff incorporates herein, the following instructions apply to each of the discovery requests set forth below, and are deemed to be incorporated in each individual Request:

6

1. The Documents covered by these Requests include all Documents in Your possession, custody or control.

2. These discovery requests are continuing in nature and require supplementation or amendment to include information subsequently acquired or as required by the Federal Rules of Civil Procedure.

3. If for any reason You are unable to respond to any request set forth herein, explain in detail Your inability to respond.  If for any reason You are unable to respond to a part of any request but able to answer other parts of the request, respond to as much of the request as You can and explain in detail Your inability to respond to the remainder of the request.

4. If You contend that any of the information requested herein is protected or privileged, so state and set forth the protection or privilege claimed, the facts upon which You rely to support the claim of protection or privilege, and the scope of said protection or privilege, but proceed to disclose or produce all requested information for which protection or privilege is not claimed.  With respect to each requested Document that is being withheld, You are hereby requested to furnish a privilege log identifying the basis for the claim of privilege or protection and a description of the Document, including:

    (a)     the title of the Document and the nature and subject matter of its contents;

    (b)     the date the Document was prepared or any date appearing on the Document;

    (c)     the number of the Document's pages, attachments and appendices; the names of the persons who authored or prepared the Document, and an identification by employment and title of each such person, and if the person is an attorney, a statement so saying;

    (d)     the names of each person to whom the Document, or a copy thereof, was sent, shown or made accessible, or to whom it was explained, together with an identification of each such person and entity with which they are employed or associated, and if the person is an attorney, a statement so saying;

    (e)     the number of each paragraph of these Document Requests to which the Document relates;

    (f)     the portion(s) of the Document as to which privilege is claimed; and

    (g)     the type of privilege asserted.

5. Counsel for Plaintiff is willing to discuss with You or Your counsel any questions regarding perceived ambiguities in, or claims regarding the burdens involved in or compliance with the discovery requested herein in an effort to resolve any such issues without the necessity of Court intervention.  If You cannot clarify any perceived ambiguities by reference to the Definitions, contact counsel for Plaintiff for clarification.

6.    You shall produce all documents in the manner in which they are maintained in the usual course of Your business and/or You shall organize and label the documents to correspond with the categories in these Requests.  A Request shall be deemed to include a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

7.    Documents shall be produced in such fashion as to identify the file, folder, department, branch or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

8.    Documents attached to each other should not be separated. If any portion of any document is responsive to the document Requests, then the entire document must be produced.

9.    Electronically Stored Information should be produced in the following format: As single-page TIFF images, at 300 dots-per-inch, with an iPRO LFP image load file and a Concordance delimited dataload file (*.DAT) with the following fields: BEGNO, ENDNO, BEGATTACH, ENDATTACH, PAGES, VOLUME, RECORDTYPE, SENTDATE, SENTONTIME, CREATEDATE, CREATETIME, LASTMODDATE, LASTMODTIME, RECEIVEDDATE, RECEIVEDTIME, PARENTFOLDER, AUTHOR, TO, CC, BCC, SUBJECT/TITLE (fields combined), ORIGSOURCE, CUSTODIAN, NATIVEPATH, ATTACHCOUNT, FILEEXT, FILENAME, FILETYPE, FILESIZE, APPLICATION, MD5HASH, and FULLTEXT. All spreadsheets responsive to these Requests that are maintained in the usual course of business in electronic format shall be produced in their native format (along with theTIFF images, linked using NATIVEPATH field).

10.   Under no circumstances should Electronically Stored Information be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome to use.  Electronically Stored Information should not be produced in a form that removes or significantly degrades the ability to search the Electronically Stored Information by electronic means where the Electronically Stored Information is ordinarily maintained in a way that makes it searchable by electronic means.  Databases or underlying data should not be produced without first discussing production format issues with the Plaintiff's counsel.  If You decline to search or produce Electronically Stored Information on the ground that such Electronically Stored Information is not reasonably accessible because of undue burden or cost, identify such information by category or sources and provide detailed information concerning the burden or cost You claim is associated with the search or production of such Electronically Stored Information.

11.   If You have reason to believe there are e-mails created that are responsive to these Requests that have not been retained, state the name and address of the e-mail provider (*e.g.*, MSN, Yahoo!, Thunderbird, Gmail, Bloomberg, AOL, etc.) or program used by You and what efforts You have made to retrieve the requested information.

12.     In the event that any document responsive to any Request was, but is no longer, in Your possession, custody or control, or has been lost, destroyed, discarded or otherwise disposed of, You shall provide sufficient information to identify the document as completely as possible and state, in writing, the details and circumstances surrounding the disposal of the document.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person (by name, address and telephone number) who was present at the Hotel Meeting, and the following:

    (a)    All Communications You have had with that person since January 1, 2021, as well as any Communications you had with that person prior to January 1, 2021, but concerning or relating to Konnech, Konnech Data, Konnech Computers, and/or Hotel Room Data;

    (b)    The date of each Communication identified in response to subsection (a);

    (c)    The location of each such Communication identified in response to subsection (a);

    (d)    The means of each Communication identified in response to subsection (a);

    (e)    The purpose of each Communication identified in response to subsection (a); and

    (f)    The substance of each Communication identified in response to subsection (a), including whether You communicated about this Lawsuit.

**RESPONSE:**


**INTERROGATORY NO. 2:**

In connection with any unauthorized access of Konnech's Computer and/or Konnech's Data of which you are aware, identify and describe:

    (a)    Each person (by name, address and telephone number) and/or entity who You know was involved in accessing any Konnech Computer or Konnech Data without express authorization by Konnech;

    (b)    How any Konnech Computer and Konnech Data has been accessed by anyone without express authorization by Konnech;

    (c)    Where anyone You know was located when they connected to any Konnech Computer or accessed any Konnech Data without the express authorization by Konnech;

    (d)    The size and/or quantity of Konnech Data that anyone You know has downloaded without the express authorization by Konnech;

    (e)    The length of time it took anyone You know to download Konnech Data without the express authorization by Konnech;

(f)     All software and hardware anyone You know used to access Konnech's Data without the express authorization by Konnech; and

(g)     All database queries run on any Konnech Computer or Konnech Data without express authorization by Konnech.

**RESPONSE:**


**INTERROGATORY NO. 3:**

Identify each person (by name, address and telephone number) and/or entity who has had possession, custody or control of any Konnech Data.

**RESPONSE:**


**INTERROGATORY NO. 4:**

Identify each person (by name, address and telephone number) affiliated with any law enforcement agency, governmental entity, municipality, county or agency of any of them, with whom You have discussed anything concerning or relating to Konnech, including the date of each communication with each person identified, and a description of each such communication.

**RESPONSE:**


**INTERROGATORY NO. 5:**

Identify each person (by name, address and telephone number) who has been an employee and/or contractor for any of the following since January 1, 2021:

(a)     True the Vote Inc.;

(b)     OPSEC Group LLC;

(c)     CoverMe; and

(d)     Patriot Games (the podcast hosted by You)

**RESPONSE:**

11

**INTERROGATORY NO. 6:**

Identify (by name, address and telephone number) each person who has posted from the following social media accounts since January 1, 2021:

        (a)        @The_Authority (Truth Social username);

        (b)        @KanekoaTheGreat (Truth Social username);

        (c)        @opsec (Truth Social username);

        (d)        @tay_phill (Truth Social username);

        (e)        @RealPatriotGames (Truth Social username);

        (f)        @GreggPhillips (Truth Social username);

        (g)        @Truethevote (Truth Social username);

        (h)        @CognitiveCarbon (Truth Social username);

        (i)        @DineshDSouza (Truth Social username);

        (j)        @mgshow (Truth Social username);

        (k)        @intheMatrixxx (Truth Social username);

        (l)        @ShadyGrooove (Truth Social username)

        (m)        @blondepatriot1776 (Truth Social username); and

        (n)        @GusQuixote (Truth Social username)

**RESPONSE:**


**INTERROGATORY NO. 7:**

Identify and describe how and when Konnech's Computer and/or Konnech's Data was accessed without authorization, including but not limited to the specific IP address(es) allegedly accessed, the contents of the data accessed, and the total amount of data (in megabytes, gigabytes and/or terabytes) accessed.

**RESPONSE:**

**INTERROGATORY NO. 8:**

Identify and describe how and when the "computer"—described by Defendants in their Motion to Dissolve Preliminary Injunction as a "computer" "not in the U.S." (Doc. 64, last paragraph on p. 2)—was accessed, including but not limited to the specific IP address(es) allegedly accessed, the contents of the data accessed, and the total amount of data (in megabytes, gigabytes and/or terabytes) accessed.

**RESPONSE:**

**INTERROGATORY NO. 9:**

Identify any and all Social Media accounts claimed by or registered to You or any entity of which you are affiliated, including but not limited to any "burner" accounts.  For each such account, identify the platform and Your username.

**RESPONSE:**

**INTERROGATORY NO. 10:**

Describe any investigation that was conducted, concerning the statements posted on Your Social Media accounts concerning Konnech, Eugene Yu, Konnech Data, Hotel Room Data, Konnech Computers, this Lawsuit, the Tiger Project, and/or Ripcord  and the factual basis to support each such statement.  Include in Your answer a description, in detail, of the following:

> (a)     Identify each person (by name, title and employer) involved in the investigation;

> (b)     Identify the date(s) of each such investigation;

> (c)     Identify every person who You communicated with or interviewed in connection with the investigation; and

> (d)     Describe the results of the investigation.

**RESPONSE:**

**INTERROGATORY NO. 11:**

Identify and describe all investigation that was conducted and the factual basis to support all statements previously made by any of the Defendants concerning Konnech, Eugene Yu, Konnech Data, Hotel Room Data, Konnech Computers, this Lawsuit, the Tiger Project, and/or Ripcord. Please include in your answer, a description in detail concerning the following statements of the investigation that was conducted, who conducted the investigation, when the investigation was

conducted and the factual basis for each statement:

   (a)     That Konnech is a "Red Chinese communist op";

   (b)     That Konnech and its employees are "Chinese operatives";

   (c)     That Konnech's software "apps were running form China, the database is running in China.  It's on the Chinese internet, meaning the Chinese own it," as stated during the August 30 2022 podcast titled "Here's How They'll Try to Steal the Midterms";

   (d)     That Konnech is affiliated with the Chinese Communist Party;

   (e)     That Konnech is affiliated with the Confucius Institute;

   (f)     That Konnech is involved in election fraud;

   (g)     That Konnech engaged in bribery in connection with a purported Detroit contract;

   (h)     That Konnech stores poll worker data on servers in China;

   (i)     That You accessed and/or have seen Konnech data related to Allegheny, PA;

   (j)     That Konnech stores any ballot data on servers in China;

   (k)     That Konnech was involved in Fast Track Ballot Counting; and

   (l)     That Konnech was involved in overseas military ballots.

**RESPONSE:**


**INTERROGATORY NO. 12:**

In connection with The Pit and the planning of same, identify and describe the following:

   (a)     The date that it was first planned;

   (b)     Who organized The Pit;

   (c)     The purpose of The Pit;

   (d)     All speakers (name, address and telephone number) at The Pit;

   (e)     All persons invited to The Pit; and

   (f)     All attendees (name, address and telephone number) to The Pit.

**RESPONSE:**

**INTERROGATORY NO. 13:**

Identify each and every donor who has contributed, donated, or otherwise made any payment of money to You or any company of which you are affiliated concerning Konnech, Eugene Yu, Konnech Data, Hotel Room Data, Konnech Computers, this Lawsuit, the Tiger Project, and/or Ripcord and identify the date and amount of each such contribution, donation or payment of money.

**RESPONSE:**


**INTERROGATORY NO. 14:**

Identify any and all publications You made, including any "ReTruths," concerning or relating to Konnech, Eugene Yu, Konnech Data, Hotel Room Data, Konnech Computers, this Lawsuit, the Tiger Project, and/or Ripcord.  Include in Your answer a description, in detail, of the following:

      (a)     Where the publication was made;

      (b)     The date of the publication;

      (c)     The original author of the publication; and

      (d)     Media format of the publication.

**RESPONSE:**


**INTERROGATORY NO. 15:**

Identify any statements by You, including, but not limited to statements made at a press conference, interview, press release, speech, podcast, or public appearance, concerning Konnech, Eugene Yu, Konnech Data, Hotel Room Data, Konnech Computers, this Lawsuit, the Tiger Project, and/or Ripcord.  Include in Your answer a description, in detail, of the following:

      (a)     Date of the statement;

      (b)     Where the statement was made;

      (c)     A description of each such statement; and

      (d)     Whether there are any presentation materials, notes, outlines, scripts, video recordings, and/or audio recordings concerning such statement.

**RESPONSE:**

**INTERROGATORY NO. 16:**

Identify and describe the "Tiger Project," including but not limited to the following:

      (a)      The meaning of the phrase "Tiger Project";

      (b)      The meaning of the phrase "Tiger Droppings";

      (c)      A description of all "Tiger Droppings" that resulted from the "Tiger Project";

      (d)      The date on which the "Tiger Project" commenced;

      (e)      The subject and/or targets of the "Tiger Project";

      (f)      The identity of all people and organizations involved in the "Tiger Project";

      (g)      The identity of all people and organizations who provided You with "Tiger Droppings" or any information regarding Konnech following the Pit;  and

      (h)      The purpose of the "Tiger Project."

**RESPONSE:**

**INTERROGATORY NO. 17:**

Identify and describe Your involvement with the Los Angeles County District Attorney's Office's investigation into Konnech and/or Eugene Yu, including but not limited to the following:

      (a)      When You first Communicated with anyone connected with the Los Angeles County District Attorneys' Office concerning or relating to Konnech and/or Eugene Yu;

      (b)      How many times You Communicated with anyone connected with the Los Angeles County District Attorneys' Office concerning or relating to Konnech and/or Eugene Yu;

      (c)      Who you communicated with (including name, position with the county, address and telephone of each such person);

      (d)      The date and location of each such Communication identified in response to (c);

      (e)      A description of any Documents You provided to anyone connected with the Los Angeles County District Attorneys' Office concerning or relating to Konnech and/or Eugene Yu

(f)     Whether You provided sworn testimony concerning or relating to Konnech and/or Eugene Yu in connection with the Los Angeles County District Attorney's Office's investigation into Konnech and/or Eugene Yu; and

(g)     The date and location of each instance You provided testimony in response to (f).

**RESPONSE:**


**INTERROGATORY NO. 18:**

Identify all fund-raising events that You have been involved with since August 2022, including The Pit, which concerned or related to Konnech and/or Eugene Yu.

**RESPONSE:**


**INTERROGATORY NO. 19:**

Identify the total amount of money paid by True the Vote, Inc. to You, OPSEC Group, LLC, CoverMe, Taylor Phillips, Mike Hasson, @The_Authority, @KanekoaTheGreat, Dinesh D'Souza and/or any other person or entity with which You are affiliated since January 1, 2020.

**RESPONSE:**


**INTERROGATORY NO. 20:**

Identify every fact supporting in whole or in part each of the affirmative defenses identified in Your Answer.

**RESPONSE:**


**INTERROGATORY NO. 21:**

Identify and describe all lawsuits in which You are currently or have been a party within the past ten (10) years.

**RESPONSE:**

**INTERROGATORY NO. 22:**

Identify each person (by name, address and telephone number) whom You expect to call to testify at trial pursuant to Rule 26 of the Federal Rules of Civil Procedure.

**RESPONSE:**


**INTERROGATORY NO. 23:**

Identify each person(s) answering, supplying information, or in any way assisting with the preparation of the answers to these interrogatories.

**RESPONSE:**



**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION 1:**

All video, audio and/or transcripts, and photographs of The Pit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 2:**

All video, audio and/or transcripts of The Pit by RSBN, including the "Exclusive" video coverage.

**RESPONSE:**


**REQUEST FOR PRODUCTION 3:**

Any and all Communications with the RSBN regarding The Pit, Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 4:**

All Documents and Communications with RSBN regarding the planned release of RSBN's "Exclusive" video coverage of The Pit.

18

**RESPONSE:**

**REQUEST FOR PRODUCTION 5:**

Any and all agreements, contracts, memorandums of understanding or otherwise between any of the Defendants and RSBN concerning The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 6:**

Any and all non-disclosure agreements with any media organization concerning Konnech, Eugene Yu, Konnech Data, Hotel Room Data, Konnech Computers, this Lawsuit, the Tiger Project, and/or Ripcord.

**RESPONSE:**

**REQUEST FOR PRODUCTION 7:**

Any and all Communications with RSBN regarding any request by any of the Defendants that RSBN not record, stream, or air any portion of The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 8:**

Any and all Communications with RSBN regarding any request by any of the Defendants that RSBN delete or destroy and portion of any recording of The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 9:**

Any and all Documents and Communications concerning the sale or attempted sale of media rights, production rights, filmmaking rights, story rights, and/or any other agreement to create, produce, film, publish, direct, or otherwise participate in any film, movie, documentary, book, or narrative concerning The Pit, Konnech, Eugene Yu, Konnech's Computers, Konnech's Data, the Tiger Project, and/or Ripcord.

**RESPONSE:**

19

**REQUEST FOR PRODUCTION 10:**

Any and all Communications with Dinesh D'Souza concerning the sale or attempted sale of media rights, production rights, filmmaking rights, story rights, and/or any other agreement to create, produce, film, publish, direct, or otherwise participate in any film, movie, documentary, book, or narrative concerning Konnech, Eugene Yu, Konnech's Computers, Konnech's Data, the Tiger Project, and/or Ripcord.

**RESPONSE:**


**REQUEST FOR PRODUCTION 11:**

Any and all lists of invitees, registrants, attendees, speakers, vendors, and/or advertisers in connection with The Pit, including drafts of same.

**RESPONSE:**


**REQUEST FOR PRODUCTION 12:**

Any and all Documents and communications regarding any investigation You performed and/or on which You relied on concerning the following statements previously made by any of the Defendants:

(a)     That Konnech is a "Red Chinese communist op";

(b)     That Konnech and its employees are "Chinese operatives";

(c)     That Konnech's software "apps were running form China, the database is running in China.  It's on the Chinese internet, meaning the Chinese own it," as stated during the August 30 2022 podcast titled "Here's How They'll Try to Steal the Midterms";

(d)     That Konnech is affiliated with the Chinese Communist Party;

(e)     That Konnech is affiliated with the Confucius Institute;

(f)     That Konnech is involved in election fraud;

(g)     That Konnech engaged in bribery in connection with a purported Detroit contract;

(h)     That Konnech stores poll worker data on servers in China;

(i)     That You accessed and/or have seen Konnech data related to Allegheny, PA; and

(j)     That Konnech stores any ballot data on servers in China.

**RESPONSE:**


**REQUEST FOR PRODUCTION 13:**

Any and all Documents concerning the factual basis, if any, supporting the following statements previously made by any of the Defendants:

      (a)     That Konnech is a "Red Chinese communist op";

      (b)     That Konnech and its employees are "Chinese operatives";

      (c)     That Konnech's software "apps were running form China, the database is running in China.  It's on the Chinese internet, meaning the Chinese own it," as stated during the August 30 2022 podcast titled "Here's How They'll Try to Steal the Midterms";

      (d)     That Konnech is affiliated with the Chinese Communist Party;

      (e)     That Konnech is affiliated with the Confucius Institute;

      (f)     That Konnech is involved in election fraud; and

      (g)     That Konnech engaged in bribery in connection with a purported Detroit contract;

      (h)     That Konnech stores poll worker data on servers in China;

      (i)     That You accessed and/or have seen Konnech data related to Allegheny, PA; and

      (j)     That Konnech stores any ballot data on servers in China.

**RESPONSE:**


**REQUEST FOR PRODUCTION 14:**

Any and all Documents and Communications to support the position in Your affidavit attached in support of Defendants' Submission of Evidence in Furtherance of Request to Purge Finding of Contempt, that "the computer in question may not have been actually 'owned' by Konnech Inc., as that term is commonly understood." (Doc. 46, 46-1).

**RESPONSE:**


**REQUEST FOR PRODUCTION 15:**

Any and all Documents and Communications reflecting compliance with Your sworn statement

that You would "work confidentiality, with all diligence, expedience and in good faith with Plaintiff and counsel for Plaintiff to answer the questions set out" in connection with the TRO and Preliminary Injunction.

**RESPONSE:**

**REQUEST FOR PRODUCTION 16:**

The complete communication thread (including native files of all media shared in the thread) between You and/or Engelbrecht, the purported FBI agents and any other person, which Defendants filed in this Lawsuit as Exhibit B to Defendants' Submission of Evidence in Furtherance of Request to Purge Finding of Contempt (Docs. 46, 46-1).

**RESPONSE:**

**REQUEST FOR PRODUCTION 17:**

Any and all Konnech property, Konnech Data and/or Hotel Room Data in Your possession, custody or control.

**RESPONSE:**

**REQUEST FOR PRODUCTION 18:**

Any and all video and/or pictures of Konnech's offices, Eugene Yu's home, Eugene Yu and any current or former employee of Konnech.

**RESPONSE:**

**REQUEST FOR PRODUCTION 19:**

Any and all Documents and Communications with any private investigator and/or other person retained to investigate and/or conduct surveillance of Konnech, Eugene Yu, and/or any current or former employee of Konnech.

**RESPONSE:**

**REQUEST FOR PRODUCTION 20:**

Any and all Konnech Data and/or Hotel Room Data in Your possession, custody or control.

**RESPONSE:**


**REQUEST FOR PRODUCTION 21:**

Any and all Documents demonstrating that You know anyone who accessed Konnech Data and/or Hotel Room Data without express authorization by Konnech.

**RESPONSE:**


**REQUEST FOR PRODUCTION 22:**

All audit logs which reflect any access to any Konnech Computer or server in China which housed any Konnech Data or Hotel Room Data.

**RESPONSE:**


**REQUEST FOR PRODUCTION 23:**

All connection logs which reflect any access to any Konnech Computer or server in China which housed any Konnech Data or Hotel Room Data.

**RESPONSE:**


**REQUEST FOR PRODUCTION 24:**

All Documents reflecting that any Konnech Data or Hotel Room Data was stored, housed, located on or otherwise available on a Mongo DB database or Mongo DB server.

**RESPONSE:**


**REQUEST FOR PRODUCTION 25:**

All Documents reflecting that any Konnech Data or Hotel Room Data was stored, housed, located on or otherwise available on the China Unicom backbone.

**RESPONSE:**


**REQUEST FOR PRODUCTION 26:**

All Documents and Communications reflecting how and when any Konnech Computer, Konnech Data or Hotel Room Data was accessed, including but not limited to documents reflecting the specific IP address(es) allegedly accessed, the contents of the data accessed, and the total amount of data accessed.

**RESPONSE:**


**REQUEST FOR PRODUCTION 27:**

All Documents and Communications reflecting how and when the "computer"—described by Defendants in their Motion to Dissolve Preliminary Injunction as a "computer" "not in the U.S." (Doc. 64, last paragraph on p. 2)—was accessed, including but not limited to documents reflecting the specific IP address(es) allegedly accessed, the contents of the data accessed, and the total amount of data accessed.

**RESPONSE:**


**REQUEST FOR PRODUCTION 28:**

All Documents and Communications reflecting any default and/or backend user name and/or password for accessing any Konnech Computer and/or Konnech Data.

**RESPONSE:**


**REQUEST FOR PRODUCTION 29:**

All Documents and Communications reflecting all users of any Konnech Computer.

**RESPONSE:**


**REQUEST FOR PRODUCTION 30:**

All Documents and Communications reflecting any and all Konnech employee or staff credentials used to access any Konnech Computer and/or Konnech Data.

**RESPONSE:**

**REQUEST FOR PRODUCTION 31:**

Any and all Communications between You, Konnech, Eugene Yu, or any current or former employee of Konnech.

**RESPONSE:**


**REQUEST FOR PRODUCTION 32:**

Any and all Communications between Defendants concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data and/or Hotel Room Data.

**RESPONSE:**


**REQUEST FOR PRODUCTION 33:**

All Documents and Communications concerning Konnech, Eugene Yu, Konnech Computers Konnech Data, and/or Hotel Room Data, which the Pit "Anons" and/or "Pitsters" have "unearthed" from the "data they received at The Pit."

**RESPONSE:**


**REQUEST FOR PRODUCTION 34:**

Any and all Communications between You and any of the following concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit:

      (a)      Mike Hasson;

      (b)      the third, unnamed person at the Hotel Meeting;

      (c)      any other person yet to be named who was present at the Hotel Meeting

      (d)      Taylor Phillips;

      (e)      OPSEC Group, LLC;

      (f)      the FBI, or any other government agency, or any agent working for the FBI or any other government agency;

      (g)      any advertisers at the Pit;

      (h)      the person(s) affiliated with Truth Social username @The_Authority;

(i)      the person(s) affiliated with Truth Social username @KanekoaTheGreat;

(j)      the person(s) affiliated with Truth Social username @CognititveCarbon;

(k)      the person(s) affiliated with the Truth Social username @BrianCates;

(l)      the person(s) affiliated with the Truth Social username @blondepatriot1776;

(m)      person(s) affiliated with the Truth Social username @GusQuixote;

(n)      Jeffrey Pederson;

(o)      Shannon Townsend;

(p)      Trevor Fitzgibbon;

(q)      Dinesh D'Souza

(r)      Eric Neff;

(s)      Andrew Stevens;

(t)      Marc Beaart;

(u)      Grant Bradley; and

(v)      Any other person.

**RESPONSE:**


**REQUEST FOR PRODUCTION 35:**

Your cell phone records reflecting all communications with anyone present at the Hotel Meeting since January 2020.

**RESPONSE:**


**REQUEST FOR PRODUCTION 36:**

Any and all Communications with anyone present at the Hotel Meeting since January 2020.

**RESPONSE:**

**REQUEST FOR PRODUCTION 37:**

Any and all Communications between You and the FBI or any federal agency or any agent working for the FBI or federal agency concerning or relating to Your purported role as a confidential informant, including, but not limited to, any agreements between You, or any offer or actual payment of money.

**RESPONSE:**

**REQUEST FOR PRODUCTION 38:**

Any confidential informant agreement or other agreement between You and any governmental entity and/or agency, including but not limited to the FBI or NSA, in effect at any time between January 1, 2020 and the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION 39:**

All FD-302 Forms concerning an FBI report or summary of an interview You provided to the FBI concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 40:**

Any sworn statements that You provided to the FBI or any other governmental entity or agency concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 41:**

Any and all Communications with the Arizona Attorney General concerning or relating to You claiming to be an FBI confidential informant in the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION 42:**

Any and all Communications between You and any person affiliated with any law enforcement agency concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 43:**

Any and all Communications between You and any government agency, municipality and/or county concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 44:**

Any and all Communications between You and anyone who was invited to and/or attended the The Pit concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 45:**

Any and all photographs or video recordings taken by You or anyone else at the Hotel Meeting.

**RESPONSE:**

**REQUEST FOR PRODUCTION 46:**

Any receipts and/or requests for reimbursement of expenses concerning the Hotel Meeting, hotel accommodations related thereto, and for transportation.

**RESPONSE:**

**REQUEST FOR PRODUCTION 47:**

All Documents and Communications reflecting any investigation of You by the FBI.

**RESPONSE:**

**REQUEST FOR PRODUCTION 48:**

Any and all advertisements for The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 49:**

Any and all advertisements for the Fake Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 50:**

Any and all advertisements for products or services offered for sale at or in connection with The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 51:**

Any and all demonstratives, speeches, presentations, including PowerPoint presentations and outlines of presentations, including drafts of same, concerning The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 52:**

Any and all Documents and Communications concerning or relating to The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 53:**

Any notes, journal entries, diaries, calendars, or Documents otherwise prepared in preparation for, during, or after The Pit concerning The Pit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 54:**

Documents sufficient to show all payments received by You in connection with The Pit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 55:**

All Documents and Communications, including but not limited to video or audio recordings, and summaries and/or excerpts of same, concerning statements made by You at The Pit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 56:**

All Documents and Communications concerning statements, including summaries and/or excerpts of same, made at The Pit concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, and/or Hotel Room Data.

**RESPONSE:**


**REQUEST FOR PRODUCTION 57:**

All Documents and Communications concerning The Pit after the conclusion of The Pit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 58:**

Any user agreement and/or membership agreement under which You used BinaryEdge software from January 1, 2021 to the present date.

**RESPONSE:**

**REQUEST FOR PRODUCTION 59:**

Your resume from January 2021 to the present date.

**RESPONSE:**

**REQUEST FOR PRODUCTION 60:**

Any press releases by You concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 61:**

Any Documents and Communications concerning statements by You made at a press conference, interview, rally, demonstration, fund raiser, speech, podcast or public appearance or provided to the media concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 62:**

Any video, audio and/or transcripts of any interviews, press conferences, rallies, demonstrations, speeches, fund raisers, podcasts, or public appearances at which any statements concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit were made and during which You appeared.

**RESPONSE:**

**REQUEST FOR PRODUCTION 63:**

Any video, audio and/or transcripts of Your appearance on the following shows and/or podcasts:

      (a)     the December 15, 2022 Rick & Bubba show;

      (b)        the August 15, 2022 podcast titled "Devolution Power Hour – Gregg Phillips Interview";

      (c)        the August 23, 2022 "Prophets and Patriots" podcast;

      (d)        the August 30, 2022 podcast titled "Here's How They'll Try to Steal the Midterms";

      (e)         the September 2, 2022 "Patriot Games" podcast;

      (f)        the August 31, 2022 podcast titled "(Allegedly) Stealing the Chinese Internet w/ Gregg Phillips of 2000 Mules";

      (g)        the podcast Patriot Games, Episode 6 titled  "Game Changer";

      (h)        the August 31, 2022 podcast called "Alabama Unfiltered"; and

      (i)        the September 5, 2022 True the Vote podcast hosted on Locals.

**RESPONSE:**


**REQUEST FOR PRODUCTION 64:**

Any video, audio and/or transcripts of Catherine Engelbrecht's appearance on the August 19, 2022 podcast hosted by Mary Grace.

**RESPONSE:**


**REQUEST FOR PRODUCTION 65:**

Any notes, outlines, talking points or demonstrative aids for any interviews, press conferences, rallies, demonstrations, speeches, fund raisers, podcasts, or public appearances attended by You that concern or relate to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 66:**

Any and all Documents regarding any investigation You performed concerning the statements posted on Your Social Media concerning or related to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 67:**

Any and all Documents and Communications concerning or relating to the "Ripcord," as that term was used by You during testimony in this Lawsuit on October 27, 2022.

**RESPONSE:**


**REQUEST FOR PRODUCTION 68:**

Any and all Documents and Communications concerning or relating to the "Tiger Project."

**RESPONSE:**


**REQUEST FOR PRODUCTION 69:**

Any and all Documents concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit which have been disseminated by or through the Open.Ink website or uploaded or will be uploaded to the Open.Ink website.

**RESPONSE:**


**REQUEST FOR PRODUCTION 70:**

Any and all statements, comments, or other communications by any financial donor, supporter or contributor to True the Vote or any person or entity with which True the Vote is affiliated, which refers or relates to Konnech, Eugene Yu, or this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 71:**

Any and all Documents and Communications regarding any request or plea for donations or contributions to any of the Defendants since January 2020, including but not limited to any Social Media post, GoFundMe page,  or video or podcast recording.

**RESPONSE:**

**REQUEST FOR PRODUCTION 72:**

Any and all Documents reflecting all advertisements of any products and/or merchandise offered for sale at or in connection with Your detention for contempt in this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 73:**

Any and all Documents regarding donations You or any person or entity with which you are affiliated received in connection with Your detention for contempt in this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 74:**

Any and all Documents regarding any statements or videos posted on Your Social Media accounts concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit, including, but not limited to, drafts of the statements or videos, any comments on the statements or videos, any response to the comments on the statements or videos, and any republications of the statements or videos by the media.

**RESPONSE:**


**REQUEST FOR PRODUCTION 75:**

Any and all Documents sufficient to show each Defendants' net worth from January 1, 2018 to the present date.

**RESPONSE:**


**REQUEST FOR PRODUCTION 76:**

Any and all Documents sufficient to show each Defendants' audited or unaudited financial balance sheets from January 1, 2018 to the present date.

**RESPONSE:**

**REQUEST FOR PRODUCTION 77:**

Any and all Documents sufficient to show each Defendants' audited or unaudited income statements from January 1, 2018 to the present date.

**RESPONSE:**

**REQUEST FOR PRODUCTION 78:**

Any and all Documents sufficient to show each Defendants' state and federal tax returns and schedules thereto from January 1, 2018 to the present date.

**RESPONSE:**

**REQUEST FOR PRODUCTION 79:**

All of Your IRS Form 1099's, K-1's and W-2s from January 1, 2018 to the present date.

**RESPONSE:**

**REQUEST FOR PRODUCTION 80:**

All Documents reflecting all money paid to You by True the Vote, Inc. from January 1, 2018 to the present date.

**RESPONSE:**

**REQUEST FOR PRODUCTION 81:**

All Documents reflecting all money paid to Engelbrecht by True the Vote, Inc. from January 1, 2018 to the present date.

**RESPONSE:**

**REQUEST FOR PRODUCTION 82:**

All Documents reflecting all money paid to OPSEC Group, LLC by True the Vote, Inc. from January 1, 2018 to the present date.

**RESPONSE:**


**REQUEST FOR PRODUCTION 83:**

All Documents reflecting all money paid to You in connection with *2000 Mules*.

**RESPONSE:**


**REQUEST FOR PRODUCTION 84:**

Any and all Documents regarding payments, contributions, and/or donations You or any person or entity with which you are affiliated received in connection with, concerning or relating to Konnech, Eugene Yu, Konnech Computers, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 85:**

All Documents reflecting all money paid by You and/or any of the Defendants to the person(s) affiliated with the following Truth Social usernames from January 1, 2018 to the present date:

      (a)      @TheAuthority;

      (b)      @KanekoaTheGreat;

      (c)      @BrianCates;

      (d)      @GusQuixote; and

      (e)      @blondepatriot1776.

**RESPONSE:**


**REQUEST FOR PRODUCTION 86:**

Any and all statements, whether tape recorded, video recorded, written, or otherwise transcribed or preserved, made at any time by You concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 87:**

Any and all Documents containing facts supporting in whole or in part each of the affirmative defenses asserted in Defendants' First Amended Answer.

**RESPONSE:**

**REQUEST FOR PRODUCTION 88:**

Any sworn testimony by You, whether in deposition, in Court, or anywhere else within the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION 89:**

All public records requests each of the Defendants submitted to any state, county or municipality seeking documents concerning or relating to Konnech, and the records produced in response to same.

**RESPONSE:**

**REQUEST FOR PRODUCTION 90:**

All Documents and Communications concerning or relating to any whistleblower claims You made or attempted to make concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 91:**

All Documents and Communications concerning or relating to any criminal complaint, police report, or other claim You made to any law enforcement agency concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 92:**

All video and/or audio recordings taken in Judge Kenneth Hoyt's courtroom on October 27, 2022 and/or October 31, 2022.

**RESPONSE:**


**REQUEST FOR PRODUCTION 93:**

All Documents and Communications concerning the press conference which You claim to have planned to attend on October 31, 2022, but did not allegedly due to Your detention for contempt in this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 94:**

All Documents and Communications reflecting all URLs and/or domain names claimed by, owned, and/or controlled by You.

**RESPONSE:**


**REQUEST FOR PRODUCTION 95:**

Any video, audio or transcripts of any interviews of Trevor Fitzgibbon related to Konnech, Eugene Yu, and/or this Lawsuit, including but not limited to the interview conducted by Ivory Hecker.

**RESPONSE:**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KONNECH, INC.,** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:22-CV-03096** |
| | § | |
| **TRUE THE VOTE, INC., GREGG** | § | |
| **PHILLIPS, and CATHERINE** | § | |
| **ENGELBRECHT,** | § | |
| | § | |
| **DEFENDANTS.** | § | |
| | § | |

**PLAINTIFF KONNECH, INC'S**
**FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO**
**DEFENDANT TRUE THE VOTE, INC.**

To:    Defendant True the Vote, Inc., by and through its attorneys of record, Michael J. Wynne, Gregor Wynne Arney, PLLC, 909 Fannin Street, Suite 3800, Houston, Texas 77010.

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff Konnech, Inc. ("Plaintiff" or "Konnech") hereby propounds these first set of Interrogatories and Requests for Production (collectively, the "Requests") on Defendant True the Vote, Inc. ("Defendant" or "True the Vote"). Plaintiff requests that Defendant respond in writing and produce the requested documents within thirty (30) days in accordance with the Federal Rules of Civil Procedure and the Definitions and Instructions provided in this Request. Defendant should serve the written responses and responsive documents and things in its possession, custody, or control upon the undersigned counsel. Plaintiff also requests that Defendant continue to supplement its document production and answers to these requests in accordance with the Federal Rules of Civil Procedure.

Respectfully submitted,

KASOWITZ BENSON TORRES LLP


By: */s/ Constantine Z. Pamphilis*
       Constantine Z. Pamphilis
       Attorney in Charge
       Texas State Bar No. 00794419
       SDTX Bar No. 19378
       DPamphilis@kasowitz.com
       Nathan W. Richardson
       Texas State Bar No. 24094914
       SDTX Bar No. 24094914
       NRichardson@kasowitz.com
       1415 Louisiana Street, Suite 2100
       Houston, Texas 77002
       (713) 220-8800
       (713) 222-0843 (fax)

*Attorneys for Plaintiff Konnech, Inc.*


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure and the agreement of counsel dated February 24, 2023 regarding e-mail service, on this the 24th day of February, 2023.


*/s/ Nathan W. Richardson*
Nathan W. Richardson

## I.     DEFINITIONS

1.  "You," "Your," or "Defendant" refer to Defendant True the Vote, Inc. and all of its agents, employees, representatives and all persons and entities acting and purporting to act on its behalf.

2.  "Defendants" refers to True the Vote, Inc., Gregg Phillips, and Catherine Engelbrecht and all of their agents, employees, representatives and all persons and entities acting and purporting to act on their behalf.

3.  "Plaintiff" or "Konnech" refers to Konnech, Inc. and all of its agents, employees, representatives and all persons and entities acting or purporting to act on its behalf.

4.  "Lawsuit" means the above-captioned action.

5.  "Complaint" means the Plaintiff's First Amended Complaint filed in the Lawsuit.

6.  "Catherine" or "Engelbrecht" means Catherine Engelbrecht.

7.  "Gregg" or "Phillips" means Gregg Phillips.

8.  "Mike Hasson" means Mike Hasson, the person identified by Phillips at the October 27, 2022 hearing as one of the people present at the Hotel Meeting (defined below).

9.  "OPSEC Group LLC" means OPSEC Group LLC, and all of its agents, employees, representatives and all persons and entities acting and purporting to act on its behalf.

10. "RSBN" means Right Side Broadcasting Network, LLC and all of its agents, employees, representatives and all persons and entities acting and purporting to act on its behalf.

11. "The Pit" means the August 13, 2022 event in Arizona called "The Pit."

12. "The Fake Pit" means the event scheduled for and/or held on July 15, 2022, and advertised as "The Pit."

13. "Konnech Computer" means any electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, that is owned or otherwise controlled by Konnech.

14. "Konnech Data" means any information that is owned, possessed, or controlled by Konnech, including but not limited to any electronic information stored on, transferred through, or otherwise accessible by a Konnech Computer.

15. "Hotel Room Data" means the data and information that Defendants claim Gregg Phillips viewed during the Hotel Meeting (defined below), regardless of whether or not such data or information is believed by Defendants to be owned, possessed, or controlled by Konnech.

16. "Ripcord" shall have the meaning as used by Defendants at the October 27, 2022 hearing in this Lawsuit.

17. "TRO" means the Temporary Restraining Order issued on September 12, 2022 in this Lawsuit.

18. "Preliminary Injunction" means the Preliminary Injunction issued on November 3, 2022 in this Lawsuit.

19. "Hotel Meeting" refers to the January 2021 meeting in Dallas, Texas between Gregg Phillips, Mike Hasson, and at least one other unidentified individual, during which Gregg Phillips has testified that Mike Hasson showed him data allegedly on a Chinese server that appeared to belong to Konnech.

20. "Social Media" refers to Truth Social, Facebook, Twitter, Instagram, LinkedIn, TikTok, Pinterest, YouTube, Reddit, Snapchat, Rumble, Substack, Tumblr, and Locals any other online interactive technologies that facilitate the creation and sharing of ideas, thoughts, information and other forms of expression through virtual networks and communities.

21. "FBI" means the Federal Bureau of Investigation.

22. "NSA" means the National Security Agency.

23. "Communication" or "Communications" means all exchanges of information, regardless of form, including, without limitation, all conversations, discussions, inquiries, correspondence, notes (handwritten or otherwise), message slips, logs, emails (or other similar electronic communications, text messages, instant messages, or other such transmittals of information, including but not limited to any encrypted messaging application such as Variety, Signal, Wickr, Ding Talk, Telegram or WhatsApp. The terms "Communication" and "Communications" includes internal and external communications.

24. "Electronically Stored Information" is defined broadly to give the full scope of that term as contemplated under the Federal Rules of Civil Procedure, and refers to all computer or electronically stored or generated data and information, and shall include all attachments to and enclosures with any requested item, and all drafts thereof. Electronically Stored Information includes information stored in any format and on any storage media, including but not limited to: hard disks; floppy disks; optical disks; flash memory devices; and magnetic tape, whether fixed, portable, or removable. Electronically Stored Information also includes: word-processing documents; electronic spreadsheets; electronic presentation documents; e-mail messages; image files; sound files; and material or information stored in a database, or accessible from a database. Electronically Stored Information also includes all associated metadata that is maintained or saved, which includes: document title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes; e-mail header information; history of who viewed an e-mail and when; and e-mail routing information. Electronically Stored Information further includes: correspondence; telegrams; memoranda; Communications; minutes or records of meetings and conferences; lists of persons attending meetings or conferences; summaries; records of conversations;

drafts; notes; notebooks; logs; invention records and disclosures; translations; drawings; graphs; charts; photographs; sound recordings; images data compilations; computer records or printouts; specifications; reports; opinions; summaries; agreements; forecasts; plan drawings; mask works; engineering drawings; expressions or statements of policy; consultations; brochures; pamphlets; advertisements; publications; circulars; trade letters; press releases; and drafts of any of the foregoing.

25. "Electronically Stored Information" is defined broadly to give the full scope of that term as contemplated under the Federal Rules of Civil Procedure, and refers to all computer or electronically stored or generated data and information, and shall include all attachments to and enclosures with any requested item, and all drafts thereof. Electronically Stored Information includes information stored in any format and on any storage media, including but not limited to: hard disks; floppy disks; optical disks; flash memory devices; and magnetic tape, whether fixed, portable, or removable. Electronically Stored Information also includes: word-processing documents; electronic spreadsheets; electronic presentation documents; e-mail messages; image files; sound files; and material or information stored in a database, or accessible from a database. Electronically Stored Information also includes all associated metadata that is maintained or saved, which includes: document title or name; file name; date and time of creation; date and time of last edit; identity of author; identity of owner; identities of editors; identities of recipients; changes; history of changes; e-mail header information; history of who viewed an e-mail and when; and e-mail routing information. Electronically Stored Information further includes: correspondence; telegrams; memoranda; Communications; minutes or records of meetings and conferences; lists of persons attending meetings or conferences; summaries; records of conversations; drafts; notes; notebooks; logs; invention records and disclosures; translations; drawings; graphs; charts; photographs; sound recordings; images data compilations; computer records or printouts; specifications; reports; opinions; summaries; agreements; forecasts; plan drawings; mask works; engineering drawings; expressions or statements of policy; consultations; brochures; pamphlets; advertisements; publications; circulars; trade letters; press releases; and drafts of any of the foregoing.

26. The singular form of a word shall be construed to include the plural, and the plural form of a word shall include the singular, so as to bring within the scope of these requests for production any information that might otherwise be considered to be beyond their scope.

27. "And" and "or" shall be construed either conjunctively or disjunctively as required by the context.

28. "Any" and "all" shall be construed as "any and all," and the term "each" shall be construed as "all and each."

29. The terms "relating to," "concerning," and "reflecting" (or any form thereof) shall mean constituting, comprising, respecting, supporting, contradicting, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to.

30. The term "including" shall mean "including without limitation" or "including but not limited to" the referenced items or information.  The use of "including" in describing categories of documents should not be read to narrow any request.

31. The terms "identify" or "identity," unless otherwise defined in an interrogatory shall require you to provide:

    (a) <u>With respect to a NATURAL PERSON</u>, the full name, present title, present business and resident address (last known if present addresses are unknown), and business and residence telephone numbers, and the title of the last position held;

    (b) <u>With respect to a CORPORATION, PARTNERSHIP, ASSOCIATION OR OTHER LEGAL ENTITY</u>, its name, address, and legal form (e.g. corporation, partnership, etc.);

    (c) <u>With respect to a DOCUMENT</u>, its title, number, date, authors, signers, subject matter, addressee(s), addressor(s), or other designation, including, but not limited to, subject matter or general nature, person(s) receiving copies of such document, present location and custodian;

    (d) <u>With respect to an ORAL STATEMENT OR COMMUNICATION</u>, the maker, the recipients, when made, where made, persons present when made, mode of communication and subject matter;

    (e) <u>With respect to an ACT, ACTION, OR ACTIVITY</u>, its description, the identity of the person(s) participating in the act or activity, the date or approximate date on which the act or activity was committed, and the identities of any person(s) observing the act or participating in the activity;

    (f) <u>With respect to a MEETING</u>, the identities of the persons attending the meeting, the date of the meeting, the subject matter of the meeting, and the place of the meeting; and

    (g) <u>With respect to a STATEMENT</u>, the person(s) making the statement, any person(s) present at the time the statement was made, the approximate date of such statement, the subject matter of the statement, and, if possible, the exact words used.

## II.    INSTRUCTIONS

    In addition to the requirements set forth in the Federal Rules of Civil Procedure, which Plaintiff incorporates herein, the following instructions apply to each of the discovery requests set forth below, and are deemed to be incorporated in each individual Request:

1. The Documents covered by these Requests include all Documents in Your possession, custody or control.

2. These discovery requests are continuing in nature and require supplementation or amendment to include information subsequently acquired or as required by the Federal Rules of Civil Procedure.

3. If for any reason You are unable to respond to any request set forth herein, explain in detail Your inability to respond. If for any reason You are unable to respond to a part of any request but able to answer other parts of the request, respond to as much of the request as You can and explain in detail Your inability to respond to the remainder of the request.

4. If You contend that any of the information requested herein is protected or privileged, so state and set forth the protection or privilege claimed, the facts upon which You rely to support the claim of protection or privilege, and the scope of said protection or privilege, but proceed to disclose or produce all requested information for which protection or privilege is not claimed. With respect to each requested Document that is being withheld, You are hereby requested to furnish a privilege log identifying the basis for the claim of privilege or protection and a description of the Document, including:

   (a)   the title of the Document and the nature and subject matter of its contents;

   (b)   the date the Document was prepared or any date appearing on the Document;

   (c)   the number of the Document's pages, attachments and appendices; the names of the persons who authored or prepared the Document, and an identification by employment and title of each such person, and if the person is an attorney, a statement so saying;

   (d)   the names of each person to whom the Document, or a copy thereof, was sent, shown or made accessible, or to whom it was explained, together with an identification of each such person and entity with which they are employed or associated, and if the person is an attorney, a statement so saying;

   (e)   the number of each paragraph of these Document Requests to which the Document relates;

   (f)   the portion(s) of the Document as to which privilege is claimed; and

   (g)   the type of privilege asserted.

5. Counsel for Plaintiff is willing to discuss with You or Your counsel any questions regarding perceived ambiguities in, or claims regarding the burdens involved in or compliance with the discovery requested herein in an effort to resolve any such issues without the necessity of Court intervention. If You cannot clarify any perceived ambiguities by reference to the Definitions, contact counsel for Plaintiff for clarification.

6. You shall produce all documents in the manner in which they are maintained in the usual course of Your business and/or You shall organize and label the documents to correspond with the categories in these Requests. A Request shall be deemed to include

a request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

7.      Documents shall be produced in such fashion as to identify the file, folder, department, branch or office in which they were located and, where applicable, the natural person in whose possession it was found and the business address of each document's custodian(s).

8.      Documents attached to each other should not be separated. If any portion of any document is responsive to the document Requests, then the entire document must be produced.

9.      Electronically Stored Information should be produced in the following format: As single-page TIFF images, at 300 dots-per-inch, with an iPRO LFP image load file and a Concordance delimited dataload file (*.DAT) with the following fields: BEGNO, ENDNO, BEGATTACH, ENDATTACH, PAGES, VOLUME, RECORDTYPE, SENTDATE, SENTONTIME, CREATEDATE, CREATETIME, LASTMODDATE, LASTMODTIME, RECEIVEDDATE, RECEIVEDTIME, PARENTFOLDER, AUTHOR, TO, CC, BCC, SUBJECT/TITLE (fields combined), ORIGSOURCE, CUSTODIAN, NATIVEPATH, ATTACHCOUNT, FILEEXT, FILENAME, FILETYPE, FILESIZE, APPLICATION, MD5HASH, and FULLTEXT. All spreadsheets responsive to these Requests that are maintained in the usual course of business in electronic format shall be produced in their native format (along with the TIFF images, linked using NATIVEPATH field).

10.     Under no circumstances should Electronically Stored Information be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome to use.  Electronically Stored Information should not be produced in a form that removes or significantly degrades the ability to search the Electronically Stored Information by electronic means where the Electronically Stored Information is ordinarily maintained in a way that makes it searchable by electronic means.  Databases or underlying data should not be produced without first discussing production format issues with the Plaintiff's counsel.  If You decline to search or produce Electronically Stored Information on the ground that such Electronically Stored Information is not reasonably accessible because of undue burden or cost, identify such information by category or sources and provide detailed information concerning the burden or cost You claim is associated with the search or production of such Electronically Stored Information.

11.     If You have reason to believe there are e-mails created that are responsive to these Requests that have not been retained, state the name and address of the e-mail provider (*e.g.*, MSN, Yahoo!, Thunderbird, Gmail, Bloomberg, AOL, etc.) or program used by You and what efforts You have made to retrieve the requested information.

12.     In the event that any document responsive to any Request was, but is no longer, in Your possession, custody or control, or has been lost, destroyed, discarded or otherwise

disposed of, You shall provide sufficient information to identify the document as completely as possible and state, in writing, the details and circumstances surrounding the disposal of the document.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each person (by name, address and telephone number) who was present at the Hotel Meeting, and the following:

     (a)     All Communications You have had with that person since January 1, 2021, as well as any Communications you had with that person prior to January 1, 2021, but concerning or relating to Konnech, Konnech Data, Konnech Computers, and/or Hotel Room Data;

     (b)     The date of each Communication identified in response to subsection (a);

     (c)     The location of each such Communication identified in response to subsection (a);

     (d)     The means of each Communication identified in response to subsection (a);

     (e)     The purpose of each Communication identified in response to subsection (a); and

     (f)     The substance of each Communication identified in response to subsection (a), including whether You communicated about this Lawsuit.

### RESPONSE:


### INTERROGATORY NO. 2:

In connection with any unauthorized access of Konnech's Computer and/or Konnech's Data of which you are aware, identify and describe:

     (a)     Each person (by name, address and telephone number) and/or entity who You know was involved in accessing any Konnech Computer or Konnech Data without express authorization by Konnech;

     (b)     How any Konnech Computer and Konnech Data has been accessed by anyone without express authorization by Konnech;

     (c)     Where anyone You know was located when they connected to any Konnech Computer or accessed any Konnech Data without the express authorization by Konnech;

     (d)     The size and/or quantity of Konnech Data that anyone You know has downloaded without the express authorization by Konnech;

     (e)     The length of time it took anyone You know to download Konnech Data without the express authorization by Konnech;

(f)     All software and hardware anyone You know used to access Konnech's Data without the express authorization by Konnech; and

(g)     All database queries run on any Konnech Computer or Konnech Data without express authorization by Konnech.

**RESPONSE:**


**INTERROGATORY NO. 3:**

Identify each person (by name, address and telephone number) and/or entity who has had possession, custody or control of any Konnech Data.

**RESPONSE:**


**INTERROGATORY NO. 4:**

Identify each person (by name, address and telephone number) affiliated with any law enforcement agency, governmental entity, municipality, county or agency of any of them, with whom You have discussed anything concerning or relating to Konnech, including the date of each communication with each person identified, and a description of each such communication.

**RESPONSE:**


**INTERROGATORY NO. 5:**

Identify each person (by name, address and telephone number) who has been an employee and/or contractor for any of the following since January 1, 2021:

(a)     True the Vote Inc.;

(b)     OPSEC Group LLC;

(c)     CoverMe; and

(d)     Patriot Games (the podcast hosted by Phillips).

**RESPONSE:**

11

**INTERROGATORY NO. 6:**

Identify (by name, address and telephone number) each person who has posted from the following social media accounts since January 1, 2021:

       (a)       @The_Authority (Truth Social username);

       (b)       @KanekoaTheGreat (Truth Social username);

       (c)       @opsec (Truth Social username);

       (d)       @tay_phill (Truth Social username);

       (e)       @RealPatriotGames (Truth Social username);

       (f)       @GreggPhillips (Truth Social username);

       (g)       @Truethevote (Truth Social username);

       (h)       @CognitiveCarbon (Truth Social username);

       (i)       @DineshDSouza (Truth Social username);

       (j)       @mgshow (Truth Social username);

       (k)       @intheMatrixxx (Truth Social username);

       (l)       @ShadyGrooove (Truth Social username);

       (m)       @blondepatriot1776 (Truth Social username); and

       (n)       @GusQuixote (Truth Social username).

**RESPONSE:**


**INTERROGATORY NO. 7:**

Identify and describe how and when Konnech's Computer and/or Konnech's Data was accessed without authorization, including but not limited to the specific IP address(es) allegedly accessed, the contents of the data accessed, and the total amount of data (in megabytes, gigabytes and/or terabytes) accessed.

**RESPONSE:**

**INTERROGATORY NO. 8:**

Identify and describe how and when the "computer"—described by Defendants in their Motion to Dissolve Preliminary Injunction as a "computer" "not in the U.S." (Doc. 64, last paragraph on p. 2)—was accessed, including but not limited to the specific IP address(es) allegedly accessed, the contents of the data accessed, and the total amount of data (in megabytes, gigabytes and/or terabytes) accessed.

**RESPONSE:**

**INTERROGATORY NO. 9:**

Identify any and all Social Media accounts claimed by or registered to You or any entity of which you are affiliated, including but not limited to any "burner" accounts.  For each such account, identify the platform and Your username.

**RESPONSE:**

**INTERROGATORY NO. 10:**

Describe any investigation that was conducted, concerning the statements posted on Your Social Media accounts concerning Konnech, Eugene Yu, Konnech Data, Hotel Room Data, Konnech Computers, this Lawsuit, the Tiger Project, and/or Ripcord  and the factual basis to support each such statement.  Include in Your answer a description, in detail, of the following:

      (a)      Identify each person (by name, title and employer) involved in the investigation;

      (b)      Identify the date(s) of each such investigation;

      (c)      Identify every person who You communicated with or interviewed in connection with the investigation; and

      (d)      Describe the results of the investigation.

**RESPONSE:**

**INTERROGATORY NO. 11:**

Identify and describe all investigation that was conducted and the factual basis to support all statements previously made by any of the Defendants concerning Konnech, Eugene Yu, Konnech Data, Hotel Room Data, Konnech Computers, this Lawsuit, the Tiger Project, and/or Ripcord. Please include in your answer, a description in detail concerning the following statements of the investigation that was conducted, who conducted the investigation, when the investigation was

conducted and the factual basis for each statement:

(a)     That Konnech is a "Red Chinese communist op";

(b)     That Konnech and its employees are "Chinese operatives";

(c)     That Konnech's software "apps were running form China, the database is running in China.  It's on the Chinese internet, meaning the Chinese own it," as stated during the August 30 2022 podcast titled "Here's How They'll Try to Steal the Midterms";

(d)     That Konnech is affiliated with the Chinese Communist Party;

(e)     That Konnech is affiliated with the Confucius Institute;

(f)     That Konnech is involved in election fraud;

(g)     That Konnech engaged in bribery in connection with a purported Detroit contract;

(h)     That Konnech stores poll worker data on servers in China;

(i)     That any of the Defendants accessed and/or have seen Konnech data related to Allegheny, PA;

(j)     That Konnech stores any ballot data on servers in China;

(k)     That Konnech was involved in Fast Track Ballot Counting; and

(l)     That Konnech was involved in overseas military ballots.

**RESPONSE:**


**INTERROGATORY NO. 12:**

In connection with The Pit and the planning of same, identify and describe the following:

(a)     The date that it was first planned;

(b)     Who organized The Pit;

(c)     The purpose of The Pit;

(d)     All speakers (name, address and telephone number) at The Pit;

(e)     All persons invited to The Pit; and

(f)     All attendees (name, address and telephone number) to The Pit.

**RESPONSE:**


**INTERROGATORY NO. 13:**

Identify each and every donor who has contributed, donated, or otherwise made any payment of money to You or any company of which you are affiliated concerning Konnech, Eugene Yu, Konnech Data, Hotel Room Data, Konnech Computers, this Lawsuit, the Tiger Project, and/or Ripcord and identify the date and amount of each such contribution, donation or payment of money.

**RESPONSE:**


**INTERROGATORY NO. 14:**

Identify any and all publications You made, including any "ReTruths," concerning or relating to Konnech, Eugene Yu, Konnech Data, Hotel Room Data, Konnech Computers, this Lawsuit, the Tiger Project, and/or Ripcord.  Include in Your answer a description, in detail, of the following:

      (a)      Where the publication was made;

      (b)      The date of the publication;

      (c)      The original author of the publication; and

      (d)      Media format of the publication.

**RESPONSE:**


**INTERROGATORY NO. 15:**

Identify any statements by You, including, but not limited to statements made at a press conference, interview, press release, speech, podcast, or public appearance, concerning Konnech, Eugene Yu, Konnech Data, Hotel Room Data, Konnech Computers, this Lawsuit, the Tiger Project, and/or Ripcord.  Include in Your answer a description, in detail, of the following:

      (a)      Date of the statement;

      (b)      Where the statement was made;

      (c)      A description of each such statement; and

      (d)      Whether there are any presentation materials, notes, outlines, scripts, video recordings, and/or audio recordings concerning such statement.

**RESPONSE:**


**INTERROGATORY NO. 16:**

Identify and describe the "Tiger Project," including but not limited to the following:

      (a)      The meaning of the phrase "Tiger Project";

      (b)      The meaning of the phrase "Tiger Droppings";

      (c)      A description of all "Tiger Droppings" that resulted from the "Tiger Project";

      (d)      The date on which the "Tiger Project" commenced;

      (e)      The subject and/or targets of the "Tiger Project";

      (f)      The identity of all people and organizations involved in the "Tiger Project";

      (g)      The identity of all people and organizations who provided You with "Tiger Droppings" or any information regarding Konnech following the Pit;  and

      (h)      The purpose of the "Tiger Project."

**RESPONSE:**


**INTERROGATORY NO. 17:**

Identify all fund-raising events that You have been involved with since August 2022, including The Pit, which concerned or related to Konnech and/or Eugene Yu.

**RESPONSE:**


**INTERROGATORY NO. 18:**

Identify the total amount of money paid by You to Phillips, OPSEC Group, LLC, CoverMe, Taylor Phillips, Mike Hasson, @The_Authority, @KanekoaTheGreat, Dinesh D'Souza and/or any other person or entity with which You are affiliated since January 1, 2020.

**RESPONSE:**

**INTERROGATORY NO. 19:**

Identify every fact supporting in whole or in part each of the affirmative defenses identified in Your Answer.

**RESPONSE:**

**INTERROGATORY NO. 20:**

Identify and describe all lawsuits in which You are currently or have been a party within the past ten (10) years.

**RESPONSE:**

**INTERROGATORY NO. 21:**

Identify each person (by name, address and telephone number) whom You expect to call to testify at trial pursuant to Rule 26 of the Federal Rules of Civil Procedure.

**RESPONSE:**

**INTERROGATORY NO. 22:**

Identify each person(s) answering, supplying information, or in any way assisting with the preparation of the answers to these interrogatories.

**RESPONSE:**

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION 1:**

All video, audio and/or transcripts, and photographs of The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 2:**

All video, audio and/or transcripts of The Pit by RSBN, including the "Exclusive" video coverage.

**RESPONSE:**

**REQUEST FOR PRODUCTION 3:**

Any and all Communications with the RSBN regarding The Pit, Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 4:**

All Documents and Communications with RSBN regarding the planned release of RSBN's "Exclusive" video coverage of The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 5:**

Any and all agreements, contracts, memorandums of understanding or otherwise between any of the Defendants and RSBN concerning The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 6:**

Any and all non-disclosure agreements with any media organization concerning Konnech, Eugene Yu, Konnech Data, Hotel Room Data, Konnech Computers, this Lawsuit, the Tiger Project, and/or Ripcord.

**RESPONSE:**

**REQUEST FOR PRODUCTION 7:**

Any and all Communications with RSBN regarding any request by any of the Defendants that RSBN not record, stream, or air any portion of The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 8:**

Any and all Communications with RSBN regarding any request by any of the Defendants that RSBN delete or destroy and portion of any recording of The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 9:**

Any and all Documents and Communications concerning the sale or attempted sale of media rights, production rights, filmmaking rights, story rights, and/or any other agreement to create, produce, film, publish, direct, or otherwise participate in any film, movie, documentary, book, or narrative concerning The Pit, Konnech, Eugene Yu, Konnech's Computers, Konnech's Data, the Tiger Project, and/or Ripcord.

**RESPONSE:**

**REQUEST FOR PRODUCTION 10:**

Any and all Communications with Dinesh D'Souza concerning the sale or attempted sale of media rights, production rights, filmmaking rights, story rights, and/or any other agreement to create, produce, film, publish, direct, or otherwise participate in any film, movie, documentary, book, or narrative concerning Konnech, Eugene Yu, Konnech's Computers, Konnech's Data, the Tiger Project, and/or Ripcord.

**RESPONSE:**

**REQUEST FOR PRODUCTION 11:**

Any and all lists of invitees, registrants, attendees, speakers, vendors, and/or advertisers in connection with The Pit, including drafts of same.

**RESPONSE:**

**REQUEST FOR PRODUCTION 12:**

Any and all Documents and communications regarding any investigation You performed and/or on which You relied on concerning the following statements previously made by any of the Defendants:

> (a)    That Konnech is a "Red Chinese communist op";

> (b)    That Konnech and its employees are "Chinese operatives";

19

(c)     That Konnech's software "apps were running form China, the database is running in China.  It's on the Chinese internet, meaning the Chinese own it," as stated during the August 30 2022 podcast titled "Here's How They'll Try to Steal the Midterms";

(d)     That Konnech is affiliated with the Chinese Communist Party;

(e)     That Konnech is affiliated with the Confucius Institute;

(f)     That Konnech is involved in election fraud;

(g)     That Konnech engaged in bribery in connection with a purported Detroit contract;

(h)     That Konnech stores poll worker data on servers in China;

(i)     That You accessed and/or have seen Konnech data related to Allegheny, PA; and

(j)     That Konnech stores any ballot data on servers in China.

**RESPONSE:**


**REQUEST FOR PRODUCTION 13:**

Any and all Documents concerning the factual basis, if any, supporting the following statements previously made by any of the Defendants:

(a)     That Konnech is a "Red Chinese communist op";

(b)     That Konnech and its employees are "Chinese operatives";

(c)     That Konnech's software "apps were running form China, the database is running in China.  It's on the Chinese internet, meaning the Chinese own it," as stated during the August 30 2022 podcast titled "Here's How They'll Try to Steal the Midterms";

(d)     That Konnech is affiliated with the Chinese Communist Party;

(e)     That Konnech is affiliated with the Confucius Institute;

(f)     That Konnech is involved in election fraud; and

(g)     That Konnech engaged in bribery in connection with a purported Detroit contract;

(h)     That Konnech stores poll worker data on servers in China;

(i)     That You accessed and/or have seen Konnech data related to Allegheny, PA; and

(j)     That Konnech stores any ballot data on servers in China.

**RESPONSE:**


**REQUEST FOR PRODUCTION 14:**

Any and all Documents and Communications to support the position in Phillips' affidavit attached in support of Defendants' Submission of Evidence in Furtherance of Request to Purge Finding of Contempt, that "the computer in question may not have been actually 'owned' by Konnech Inc., as that term is commonly understood." (Doc. 46, 46-1).

**RESPONSE:**


**REQUEST FOR PRODUCTION 15:**

Any and all Documents and Communications reflecting compliance with Phillips' sworn statement that he would "work confidentiality, with all diligence, expedience and in good faith with Plaintiff and counsel for Plaintiff to answer the questions set out" in connection with the TRO and Preliminary Injunction.

**RESPONSE:**


**REQUEST FOR PRODUCTION 16:**

The complete communication thread (including native files of all media shared in the thread) between Phillips and/or Engelbrecht, the purported FBI agents and any other person, which Defendants filed in this Lawsuit as Exhibit B to Defendants' Submission of Evidence in Furtherance of Request to Purge Finding of Contempt (Docs. 46, 46-1).

**RESPONSE:**


**REQUEST FOR PRODUCTION 17:**

Any and all Konnech property, Konnech Data and/or Hotel Room Data in Your possession, custody or control.

**RESPONSE:**


**REQUEST FOR PRODUCTION 18:**

Any and all video and/or pictures of Konnech's offices, Eugene Yu's home, Eugene Yu and any

current or former employee of Konnech.

**RESPONSE:**


**REQUEST FOR PRODUCTION 19:**

Any and all Documents and Communications with any private investigator and/or other person retained to investigate and/or conduct surveillance of Konnech, Eugene Yu, and/or any current or former employee of Konnech.

**RESPONSE:**


**REQUEST FOR PRODUCTION 20:**

Any and all Konnech Data and/or Hotel Room Data in Your possession, custody or control.

**RESPONSE:**


**REQUEST FOR PRODUCTION 21:**

Any and all Documents demonstrating that You know anyone who accessed Konnech Data and/or Hotel Room Data without express authorization by Konnech.

**RESPONSE:**


**REQUEST FOR PRODUCTION 22:**

All audit logs which reflect any access to any Konnech Computer or server in China which housed any Konnech Data or Hotel Room Data.

**RESPONSE:**


**REQUEST FOR PRODUCTION 23:**

All connection logs which reflect any access to any Konnech Computer or server in China which housed any Konnech Data or Hotel Room Data.

**RESPONSE:**

**REQUEST FOR PRODUCTION 24:**

All Documents reflecting that any Konnech Data or Hotel Room Data was stored, housed, located on or otherwise available on a Mongo DB database or Mongo DB server.

**RESPONSE:**


**REQUEST FOR PRODUCTION 25:**

All Documents reflecting that any Konnech Data or Hotel Room Data was stored, housed, located on or otherwise available on the China Unicom backbone.

**RESPONSE:**


**REQUEST FOR PRODUCTION 26:**

All Documents and Communications reflecting how and when any Konnech Computer, Konnech Data or Hotel Room Data was accessed, including but not limited to documents reflecting the specific IP address(es) allegedly accessed, the contents of the data accessed, and the total amount of data accessed.

**RESPONSE:**


**REQUEST FOR PRODUCTION 27:**

All Documents and Communications reflecting how and when the "computer"—described by Defendants in their Motion to Dissolve Preliminary Injunction as a "computer" "not in the U.S." (Doc. 64, last paragraph on p. 2)—was accessed, including but not limited to documents reflecting the specific IP address(es) allegedly accessed, the contents of the data accessed, and the total amount of data accessed.

**RESPONSE:**


**REQUEST FOR PRODUCTION 28:**

All Documents and Communications reflecting any default and/or backend user name and/or password for accessing any Konnech Computer and/or Konnech Data.

**RESPONSE:**

**REQUEST FOR PRODUCTION 29:**

All Documents and Communications reflecting all users of any Konnech Computer.

**RESPONSE:**

**REQUEST FOR PRODUCTION 30:**

All Documents and Communications reflecting any and all Konnech employee or staff credentials used to access any Konnech Computer and/or Konnech Data.

**RESPONSE:**

**REQUEST FOR PRODUCTION 31:**

Any and all Communications between You, Konnech, Eugene Yu, or any current or former employee of Konnech.

**RESPONSE:**

**REQUEST FOR PRODUCTION 32:**

Any and all Communications between Defendants concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data and/or Hotel Room Data.

**RESPONSE:**

**REQUEST FOR PRODUCTION 33:**

All Documents and Communications concerning Konnech, Eugene Yu, Konnech Computers Konnech Data, and/or Hotel Room Data, which the Pit "Anons" and/or "Pitsters" have "unearthed" from the "data they received at The Pit."

**RESPONSE:**

**REQUEST FOR PRODUCTION 34:**

Any and all Communications between You and any of the following concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit:

(a)     Mike Hasson;

(b)     the third, unnamed person at the Hotel Meeting;

(c)     any other person yet to be named who was present at the Hotel Meeting

(d)     Taylor Phillips;

(e)     OPSEC Group, LLC;

(f)     the FBI, or any other government agency, or any agent working for the FBI or any other government agency;

(g)     any advertisers at the Pit;

(h)     the person(s) affiliated with Truth Social username @The_Authority;

(i)     the person(s) affiliated with Truth Social username @KanekoaTheGreat;

(j)     the person(s) affiliated with Truth Social username @CognititveCarbon;

(k)     the person(s) affiliated with the Truth Social username @BrianCates;

(l)     the person(s) affiliated with the Truth Social username @blondepatriot1776;

(m)     person(s) affiliated with the Truth Social username @GusQuixote;

(n)     Jeffrey Pederson;

(o)     Shannon Townsend;

(p)     Trevor Fitzgibbon;

(q)     Dinesh D'Souza

(r)     Eric Neff;

(s)     Andrew Stevens;

(t)     Marc Beaart;

(u)     Grant Bradley; and

(v)     Any other person.

**<u>RESPONSE:</u>**

**REQUEST FOR PRODUCTION 35:**

Your cell phone records reflecting all communications with anyone present at the Hotel Meeting since January 2020.

**RESPONSE:**


**REQUEST FOR PRODUCTION 36:**

Any and all Communications with anyone present at the Hotel Meeting since January 2020.

**RESPONSE:**


**REQUEST FOR PRODUCTION 37:**

Any and all Communications between You and the FBI or any federal agency or any agent working for the FBI or federal agency concerning or relating to Your purported role as a confidential informant, including, but not limited to, any agreements between You, or any offer or actual payment of money.

**RESPONSE:**


**REQUEST FOR PRODUCTION 38:**

Any confidential informant agreement or other agreement between You and any governmental entity and/or agency, including but not limited to the FBI or NSA, in effect at any time between January 1, 2020 and the present.

**RESPONSE:**


**REQUEST FOR PRODUCTION 39:**

All FD-302 Forms concerning an FBI report or summary of an interview You provided to the FBI concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 40:**

Any sworn statements that You provided to the FBI or any other governmental entity or agency concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 41:**

Any and all Communications with the Arizona Attorney General concerning or relating to You claiming to be an FBI confidential informant in the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION 42:**

Any and all Communications between You and any person affiliated with any law enforcement agency concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 43:**

Any and all Communications between You and any government agency, municipality and/or county concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 44:**

Any and all Communications between You and anyone who was invited to and/or attended the The Pit concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 45:**

Any and all photographs or video recordings taken by any of the Defendants or anyone else at the Hotel Meeting.

**RESPONSE:**


**REQUEST FOR PRODUCTION 46:**

Any receipts and/or requests for reimbursement of expenses concerning the Hotel Meeting, hotel accommodations related thereto, and for transportation.

**RESPONSE:**


**REQUEST FOR PRODUCTION 47:**

All Documents and Communications reflecting any investigation of You by the FBI.

**RESPONSE:**


**REQUEST FOR PRODUCTION 48:**

Any and all advertisements for The Pit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 49:**

Any and all advertisements for the Fake Pit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 50:**

Any and all advertisements for products or services offered for sale at or in connection with The Pit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 51:**

Any and all demonstratives, speeches, presentations, including PowerPoint presentations and outlines of presentations, including drafts of same, concerning The Pit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 52:**

Any and all Documents and Communications concerning or relating to The Pit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 53:**

Any notes, journal entries, diaries, calendars, or Documents otherwise prepared in preparation for, during, or after The Pit concerning The Pit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 54:**

Documents sufficient to show all payments received by You in connection with The Pit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 55:**

All Documents and Communications, including but not limited to video or audio recordings, and summaries and/or excerpts of same, concerning statements made by You at The Pit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 56:**

All Documents and Communications concerning statements, including summaries and/or excerpts of same, made at The Pit concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, and/or Hotel Room Data.

**RESPONSE:**


**REQUEST FOR PRODUCTION 57:**

All Documents and Communications concerning The Pit after the conclusion of The Pit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 58:**

Any user agreement and/or membership agreement under which You used BinaryEdge software from January 1, 2021 to the present date.

**RESPONSE:**


**REQUEST FOR PRODUCTION 59:**

Your resume from January 2021 to the present date.

**RESPONSE:**


**REQUEST FOR PRODUCTION 60:**

Any press releases by You concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 61:**

Any Documents and Communications concerning statements by You made at a press conference, interview, rally, demonstration, fund raiser, speech, podcast or public appearance or provided to the media concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 62:**

Any video, audio and/or transcripts of any interviews, press conferences, rallies, demonstrations, speeches, fund raisers, podcasts, or public appearances at which any statements concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit were made and during which You appeared.

**RESPONSE:**

**REQUEST FOR PRODUCTION 63:**

Any video, audio and/or transcripts of any of the Defendants' appearance on the following shows and/or podcasts:

   (a)     the December 15, 2022 Rick & Bubba show;

   (b)     the August 15, 2022 podcast titled "Devolution Power Hour – Gregg Phillips Interview";

   (c)     the August 23, 2022 "Prophets and Patriots" podcast;

   (d)     the August 30, 2022 podcast titled "Here's How They'll Try to Steal the Midterms";

   (e)      the September 2, 2022 "Patriot Games" podcast;

   (f)     the August 31, 2022 podcast titled "(Allegedly) Stealing the Chinese Internet w/ Gregg Phillips of 2000 Mules";

   (g)     the podcast Patriot Games, Episode 6 titled  "Game Changer";

   (h)     the August 31, 2022 podcast called "Alabama Unfiltered"; and

   (i)     the September 5, 2022 True the Vote podcast hosted on Locals.

**RESPONSE:**

**REQUEST FOR PRODUCTION 64:**

Any video, audio and/or transcripts of Catherine Engelbrecht's appearance on the August 19, 2022 podcast hosted by Mary Grace.

**RESPONSE:**

**REQUEST FOR PRODUCTION 65:**

Any notes, outlines, talking points or demonstrative aids for any interviews, press conferences, rallies, demonstrations, speeches, fund raisers, podcasts, or public appearances attended by You that concern or relate to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 66:**

Any and all Documents regarding any investigation You performed concerning the statements posted on Your Social Media concerning or related to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 67:**

Any and all Documents and Communications concerning or relating to the "Ripcord," as that term was used by any of the Defendants during testimony in this Lawsuit on October 27, 2022.

**RESPONSE:**

**REQUEST FOR PRODUCTION 68:**

Any and all Documents and Communications concerning or relating to the "Tiger Project."

**RESPONSE:**

**REQUEST FOR PRODUCTION 69:**

Any and all Documents concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit which have been disseminated by or through the Open.Ink website or uploaded or will be uploaded to the Open.Ink website.

**RESPONSE:**

**REQUEST FOR PRODUCTION 70:**

Any and all Documents that identify any and all financial donors, supporters or contributors to You or any person or entity with which You are affiliated, including information regarding the name of each donor, supporter, or contributor, the employer of each donor, supporter, or contributor, the amount of the donation or contribution, and the date of the donation or contribution, for the past five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION 71:**

Any and all statements, comments, or other communications by any financial donor, supporter or contributor to You or any person or entity with which You are affiliated, which refers or relates to Konnech, Eugene Yu, or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 72:**

Any and all Documents and Communications regarding any request or plea for donations or contributions to any of the Defendants since January 2020, including but not limited to any Social Media post, GoFundMe page,  or video or podcast recording.

**RESPONSE:**

**REQUEST FOR PRODUCTION 73:**

Any and all Documents reflecting all advertisements of any products and/or merchandise offered for sale at or in connection with Your detention for contempt in this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 74:**

Any and all Documents regarding donations You or any person or entity with which you are affiliated received in connection with Your detention for contempt in this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 75:**

Any and all Documents regarding any statements or videos posted on Your Social Media accounts concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit, including, but not limited to, drafts of the statements or videos, any comments on the statements or videos, any response to the comments on the statements or videos, and any republications of the statements or videos by the media.

**RESPONSE:**


**REQUEST FOR PRODUCTION 76:**

Any and all Documents sufficient to show each Defendants' net worth from January 1, 2018 to the present date.

**RESPONSE:**


**REQUEST FOR PRODUCTION 77:**

Any and all Documents sufficient to show each Defendants' audited or unaudited financial balance sheets from January 1, 2018 to the present date.

**RESPONSE:**


**REQUEST FOR PRODUCTION 78:**

Any and all Documents sufficient to show each Defendants' audited or unaudited income statements from January 1, 2018 to the present date.

**RESPONSE:**


**REQUEST FOR PRODUCTION 79:**

Any and all Documents sufficient to show each Defendants' state and federal tax returns and schedules thereto from January 1, 2018 to the present date.

**RESPONSE:**

**REQUEST FOR PRODUCTION 80:**

All of Your IRS Form 1099's, K-1's and W-2s from January 1, 2018 to the present date.

**RESPONSE:**


**REQUEST FOR PRODUCTION 81:**

All Documents reflecting all money paid to Phillips by You from January 1, 2018 to the present date.

**RESPONSE:**


**REQUEST FOR PRODUCTION 82:**

All Documents reflecting all money paid to Engelbrecht by You from January 1, 2018 to the present date.

**RESPONSE:**


**REQUEST FOR PRODUCTION 83:**

All Documents reflecting all money paid to OPSEC Group, LLC by You from January 1, 2018 to the present date.

**RESPONSE:**


**REQUEST FOR PRODUCTION 84:**

All Documents reflecting all money paid to You in connection with *2000 Mules*.

**RESPONSE:**


**REQUEST FOR PRODUCTION 85:**

Any and all Documents regarding payments, contributions, and/or donations You or any person or entity with which you are affiliated received in connection with, concerning or relating to Konnech, Eugene Yu, Konnech Computers, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 86:**

All Documents reflecting all money paid by You and/or any of the Defendants to the person(s) affiliated with the following Truth Social usernames from January 1, 2018 to the present date:

       (a)       @TheAuthority;

       (b)       @KanekoaTheGreat;

       (c)       @BrianCates;

       (d)       @GusQuixote; and

       (e)       @blondepatriot1776.

**RESPONSE:**


**REQUEST FOR PRODUCTION 87:**

Any and all statements, whether tape recorded, video recorded, written, or otherwise transcribed or preserved, made at any time by You concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 88:**

Any and all Documents containing facts supporting in whole or in part each of the affirmative defenses asserted in Defendants' First Amended Answer.

**RESPONSE:**


**REQUEST FOR PRODUCTION 89:**

Any sworn testimony by You, whether in deposition, in Court, or anywhere else within the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION 90:**

All public records requests each of the Defendants submitted to any state, county or municipality seeking documents concerning or relating to Konnech, and the records produced in response to same.

**RESPONSE:**


**REQUEST FOR PRODUCTION 91:**

All Documents and Communications concerning or relating to any whistleblower claims You made or attempted to make concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 92:**

All Documents and Communications concerning or relating to any criminal complaint, police report, or other claim You made to any law enforcement agency concerning or relating to Konnech, Eugene Yu, Konnech Computer, Konnech Data, Hotel Room Data, and/or this Lawsuit.

**RESPONSE:**


**REQUEST FOR PRODUCTION 93:**

All video and/or audio recordings taken in Judge Kenneth Hoyt's courtroom on October 27, 2022 and/or October 31, 2022.

**RESPONSE:**


**REQUEST FOR PRODUCTION 94:**

All Documents and Communications concerning the press conference which Philips claims to have planned to attend on October 31, 2022, but did not allegedly due to his detention for contempt in this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION 95:**

All Documents and Communications reflecting all URLs and/or domain names claimed by, owned, and/or controlled by You.

**RESPONSE:**


**REQUEST FOR PRODUCTION 96:**

Any video, audio or transcripts of any interviews of Trevor Fitzgibbon related to Konnech, Eugene Yu, and/or this Lawsuit, including but not limited to the interview conducted by Ivory Hecker.

**RESPONSE:**