# EXHIBIT C

STATE OF MISSOURI § §
ST. LOUIS COUNTY §

## AFFIDAVIT OF HARRY HAURY

Before me, the undersigned notary, on this day personally appeared Harry Haury, whose identity is known to me, who under oath states as follows:

1. I am the acting CEO of Cain & Associates. I have no ownership interest in Cain & Associates.

2. Plaintiff served me on February 28, 2023, with a subpoena that purported to allow me only 20 days to respond, and it's my understanding that the Defendants, and Defendants' counsel, with knowledge of the case, were given even less time. In addition, my own counsel has been out of the country since about March 3, 2023.

3. Plaintiff served me as an individual. I do not have the resources to expend on Plaintiff's voluminous document requests. I have not yet even had time to determine the full cost of complying with Plaintiff's subpoena, but it is significant in terms of direct costs, and compliance would also take me away from my own and my employer's remunerative work. My hourly rate alone is $400 an hour.

4. As of this writing, I would estimate that the costs to comply with Plaintiff's subpoena would amount to about $57,360. Accordingly, I seek an order from the Court for reasonable compensation for my and my employer's time, expenses, and foregone income.

| Role | Hours | Hourly Rate | Total |
|---|---|---|---|
| Cyber Investigator | 120 | $250 | $30,000 |
| Supervisor CISSP | 30 | $400 | $12,000 |
| Senior Architect | 20 | $483 | $9,660 |
| OSInt & Cyber Tech | 100 | $50 | $5,000 |

| | Administrative | 14 | $50 | $700 |

5. In requesting information related to our work for the LA County DA, Plaintiff is also requesting information that is both confidential to the client and constitutes work product proprietary to Cain & Associates. Because Los Angeles County has not yet paid for the work we did, it would be quite unfair and unreasonable to allow Plaintiff to have access to our work product without due compensation – an amount equal to about $230,000. Getting compensated by LA County may also be more difficult if Cain & Associates is forced to give up its work product to a third party, particularly the party against whose CEO the LA DA filed its indictment.

6. Plaintiff has demanded numerous categories of documents that I do not reasonably own, control, or possess, specifically, documents belonging to my employer, Cain & Associates, and its clients, such as the Los Angeles County District Attorney's Office. These demands include Requests for Production 5, 6(b-f), 7-15, and 17, which relate to Cain & Associates' findings on behalf of the LA DA, as well as the identity of confidential informants. Accordingly, it is unreasonable to expect me to turn over documents to which I have no such rights. It's also my understanding that there is no protective order in place in the Underlying Litigation of Konnech, Inc. v. True the Vote et al., Civil Action No. 4:22-cv-03096 (S.D. Tex.).

7. Plaintiff has demanded documents with no obvious relevance to the Underlying Litigation, such as RFPs 9 (seeking information on users of Plaintiff's computers other than Defendants themselves), 19 (seeking documents apparently to prove that I am a principal of Cain & Associates, another non-party to this Lawsuit), and 20 (seeking my social media handles and domain names I own).

I certify under penalty of perjury that the foregoing is true and correct.

Further Affiant Sayeth Not.

*[signature]*
Harry Haury

Subscribed to and sworn before me on this 17 day of March, 2023.

BETHANY HARMON
Notary Public - Notary Seal
Franklin County - State of Missouri
Commission Number 22987422
My Commission Expires Oct 11, 2026

*[signature]*
Notary Public in and for the state of Missouri