UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| TRUE THE VOTE, INC., *et al.* § | | |
|     Defendants, § | | |
| § | | |
| HARRY HAURY and CAIN & § | | |
| ASSOCIATES, § | Misc. Case No. 4:23-mc-00286 | |
|     Petitioners, § | | |
| § | | |
| § | Underlying Litigation: | |
| v. § | | |
| § | KONNECH, INC. v. | |
| KONNECH, INC. § | TRUE THE VOTE, INC., *et al.* | |
| § | | |
|     Plaintiff. § | Civil Action No. | |
| § | 4:22-cv-03096 | |

**PETITIONERS' AND INTERESTED PARTIES' JOINT UNOPPOSED AND CONSENTED TO MOTION TO TRANSFER MOTION TO QUASH SUBPOENA**

Petitioners Harry Haury (also "Haury") and Cain & Associates, jointly with True the Vote, Inc., Catherine Engelbrecht, and Gregg Phillips, Defendants in the underlying litigation (Case No. 4:22-CV-3096; *Konnech, Inc. v. True the Vote, Inc., Gregg Philips, and Catherine Engelbrecht*; in the United States District Court for the Southern District of Texas, Houston Division (the "Underlying Litigation")) file this Unopposed Motion to Transfer to the issuing court – that is, the United States District Court for the Southern District of Texas, Houston Division (the "Issuing Court") – all matters relating to disputes regarding the enforcement and permissible scope of the subpoena directed to Petitioner (the "Haury Subpoena"), a copy of which is attached as Exhibit 1, including the moving parties' Joint Opposed Motion to Quash or Modify Plaintiff Konnech's Third Party Subpoena Issued to Harry Haury and For Protective Order ("Motion"), attached as Exhibit 2, and any objections, oppositions, responses, privilege assertions, and related motions and responses regarding the enforcement and permissible scope of the Subpoena that may be

forthcoming.

In the interest of justice and judicial economy, the movants ask this Court to transfer all proceedings relating to compliance or non-compliance with the Haury Subpoena, its permissible scope, or other objections to the subpoena to the Issuing Court. The Issuing Court is familiar with the fact-intensive underlying controversy. Proceeding in this fashion will limit the burden on this Court and will in turn limit the potential for inconsistent or even conflicting decisions while providing for this Court to protect the legitimate interests of the subpoenaed parties.

Rule 45(f) provides that this Court may transfer a motion to quash or modify a subpoena if the person subject to the subpoena consents:

> Transferring a Subpoena-Related Motion. When the court where compliance is required [i.e., this Court] did not issue the subpoena, it may transfer a motion under this rule to the issuing court [i.e., the Southern District of Texas] if the person subject to the subpoena consents . . .[1]

Here, both Mr. Haury and Cain & Associates consent to transfer their respective Motions to Quash or Modify to the Southern District of Texas, Houston Division, and do so for the purpose of judicial economy, administrative efficiency, consistency and to avoid unnecessarily wasting resources, among other sound reasons.[2]

---

[1] Even if the subpoenaed person does not consent, a court may transfer a subpoena dispute if there are exceptional circumstances, defined as:

(1) whether the underlying litigation will be disrupted if the subpoena dispute is not transferred;
(2) whether the nonparty subpoena recipient will suffer undue burden or cost if the subpoena dispute is transferred; and
(3) whether, based on various considerations, the issuing court is in the best position to rule on the motion to compel.

*See Leon v. N. Nat'l Gas Co.*, No. 21-MC-0042 (WMW/ECW), 2021 WL 4452874, at *4 (D. Minn. Sept. 29, 2021) (transferring subpoena dispute); *In re Syngenta AG MIR162 Corn Litig. v. Syngenta AG*, No. 20-mc-064 (ECT/ECW), 2020 WL 5988498, *4 (D. Minn. Oct. 9, 2020); *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 376 (D.D.C. 2017)). Here, the Court *should* transfer precisely because, in addition to the subpoenaed persons and Plaintiff consenting, (1) the Underlying Litigation will be disrupted without a transfer and the attendant consistency of decisions in the Underlying Litigation's discovery; (2) the subpoena recipients disavow any undue burden or cost to the transfer; and (3) for the reasons stated herein, the issuing court in the Southern District of Texas is clearly in the best position to rule on the disputes.

[2] Where the persons subject to the subpoena consent to transfer, parties such as Defendants seeking transfer need not show —and the Court need not find—extraordinary circumstances under Rule 45(f). *See* FED. R. CIV. P. 45(f); FED.

The FRCP 45 Advisory Committee has added that transfer may be particularly appropriate to avoid disrupting the issuing court's management of the underlying litigation in at least two situations, both of which present themselves here:

- The issuing court has already ruled on a previous discovery motion that raised the same issues as a motion filed in the compliance court; and
- The same issues are likely to arise as a result of subpoenas issued in many districts within a single lawsuit.

*See* 2013 Advisory Committee Notes to FRCP 45(f). Case authority expounds on this point. Transfer is appropriate where the issuing court "has significantly more knowledge of the case than this [compliance] court, and therefore that court is better positioned to make a just and speedy determination of [the] motion to quash." *Mueting, Raasch, & Gebhardt, P.A. v. PPG Indus., Inc.*, No. 18-MC-62 (JNE/TNL), 2018 WL 3971945, at *2 (D. Minn. Aug. 20, 2018), s*ee also* Notes to FRCP 45(f); *see also United States v. Gilead Scis., Inc.,* No. 21-MC-09005-SRB, 2021 WL 619761, at *2 (W.D. Mo. Feb. 17, 2021) (transferring motions where the "potential for inconsistent rulings on ten separate (but nearly identical) motions compelling compliance weighs heavily in favor of transfer" and "serves the interests of judicial economy"); *Exist, Inc. v. Shoreline Wear, Inc.*, No. 15-61917-MC, 2015 WL 13694080, at *3 (S.D. Fla. Oct. 16, 2015) (citing "the real potential for disruption in the underlying litigation caused by potentially conflicting rulings, a number of courts have found exceptional circumstances in similar situations").

Here, the Issuing Court has already considered a substantial amount of briefing. The case has already been before the Fifth Circuit once so far. A copy of the docket sheet is attached as Exhibit 3. The issues are complicated and technical, both legally and factually. Regarding prior

---

R. CIV. P. 45(f), advisory committee notes (2013 amendments); *San Juan Cable LLC v. DISH Network LLC*, Civ. A. No. 14- mc-00261-RM-MJW, 2015 WL 500631, at *1 (D. Colo. Jan. 23, 2015). And yet "Rule 45(f) does not require that a motion to transfer be filed at all, and the Court may *sua sponte* order transfer where appropriate." *Orix USA Corp. v. Armentrout*, No. 3:16-mc-63-N-BN, 2016 WL 3926507, at *2 (N.D. Tex. July 21, 2016).

rulings on discovery, as recently as March 3, 2023, the Issuing Court issued an order relating to discovery. The Issuing Court has already held multiple hearings, too, including an extensive evidentiary hearing.

As to the second point raised by the FRCP Advisory Committee, not only are the same issues "likely to arise" regardless of where in the country a subpoena relating to the Underlying Litigation is served, they undoubtedly will arise.

Plaintiff has issued four subpoenas to non-parties in this matter, in what appear to be three different jurisdictions. It would be inefficient for three or four different federal judges to sort through the varying allegations and merits of the Underlying Litigation. Moreover, should they do so, they would risk upsetting the discovery process and motion practice in the Underlying Litigation. "In sum, transfer of the Motion to Quash is warranted to avoid piecemeal rulings by different judges, reaching different conclusions, in resolving identical disputes." *Leon*, 2021 WL 4452874, at *5 (citations omitted); *see also CSS, Inc. v. Herrington*, 354 F.Supp.3d 702 (N.D.Tex. 2017) (transferring motion to quash subpoena "to avoid disrupting the issuing court's management of the underlying … case"); *Hoog v. PetroQuest, LLC*, 338 F.R.D. 515, 519 (S.D. Fla. 2021) (transferring to "avoid any possibility of inconsistent rulings … as well as relevancy and proportionality determinations"); *Bogard Constr. Inc. v. Oil Price Info. Serv., LLC*, No. 8:21-CV-03005-PX, 2022 WL 1213307, at *2 (D. Md. Apr. 25, 2022) (holding that because "the prime concern animating [Rule 45(f)] is to avoid burdening 'local nonparties subject to subpoenas,'" the subpoenaed person's consent "alone ends the matter").

The moving parties further agree and consent to extend Konnech, Inc.'s deadline to file any response in opposition to the Motion until 30 days from the date that the Motion is transferred to the issuing court, or 30 days from the date the Court denies this Joint Unopposed and Consented

to Motion to Transfer Motion to Quash Subpoena.

Respectfully Submitted,

BRYAN CAVE LEIGHTON PAISNER LLP

By: */s/ Sasha Riedisser*
RICHARD E. FINNERAN, #60768MO
SASHA RIEDISSER, #71141MO
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Tel: (314) 259-2000
Fax: (314) 259-2020
richard.finneran@bryancave.com
sasha.riedisser@bclplaw.com

GREGOR | WYNNE | ARNEY, PLLC

By: */s/ Michael J. Wynne*
Michael J. Wynne
Texas State Bar No. 0078529
SDTX No. 0018569
Cameron Powell
DC Bar No. 459020
909 Fannin Street, Suite 3800
Houston, Texas 77010
Telephone: (281) 450-7403
mwynne@gwafirm.com
cpowell@gwafirm.com

**ATTORNEYS FOR DEFENDANTS TRUE THE VOTE, INC., CATHERINE ENGELBRECHT, AND GREGG PHILLIPS**

/s/ Christopher A. Byrne
Christopher A. Byrne, Esq.
Washington D.C. Bar No. 928424
DC Bar No. 459020
1050 – 30th St. NW
Washington, D.C. 20007
Telephone: (202)487-6800
cabesq@protonmail.com

**ATTORNEY FOR HARRY HAURY AND CAIN & ASSOCIATES, INC.**

PAGE 5 OF 6

**CERTIFICATE OF CONFERENCE**

Undersigned counsel certifies that they consulted on this motion with Plaintiff's counsel on March 23 and 24, 2023, and Plaintiff's counsel indicated that they are unopposed and consent to this motion as reflected in the Consent of Plaintiff Konnech, Inc., attached hereto as Exhibit 4.

By: */s/ Michael J. Wynne*
Michael J. Wynne

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served on counsel for Plaintiff and all counsel of record in accordance with the FEDERAL CIVIL RULES OF PROCEDURE this March 30, 2023.

By: */s/ Sasha Riedisser*
Sasha Riedisser